John J. Wademan, Respondent, *v.* The Albany and Susque-hanna Railroad Company, Appellant.

Under the provision of the general railroad act of 1850, requiring every corporation, organized under that act, to erect and maintain farm cross-ings, etc., for the use of the proprietors of lands adjoining such railroad (§ 44, chap. 141, Laws of 1850), it is the right of the corporation to determine where the crossing shall be located. In the exercise of this right, however, the interest of the corporation is not alone to be con-sidered, but regard must be had to the convenience of both parties, and such a location must be made as will not subject the proprietor to need-less and unreasonable injury.

The case of *Wheeler* v. *The R. and S. R.R. Co.* (12 Barb., 227) overruled.

Plaintiff, owning land upon both sides of defendant's road, brought this action to compel it to construct a suitable farm crossing, also claiming damages. The court which tried the cause found that the crossing actually built by defendant was inconvenient for plaintiff, and not of easy access, and that the proper place for a crossing was where plaintiff desired. *Held*, that this established a cause of action.

Instead, however, of directing a specific performance by defendant of its obligation, the court gave plaintiff a pecuniary compensation, to an amount less than the cost of erecting a new crossing in the proper place. *Held*, no error; that nothing in the statute prevents the giving of damages for the breach of duty on the part of defendant, and that defendant could not complain, as the judgment was more favorable than it was otherwise entitled to.

(Argued January 15, 1873; decided March term, 1873.)

Appeal from order of the General Term of the Supreme Court in the third judicial district, affirming a judgment in favor of plaintiff, entered upon the decision of the court at Special Term.

This action was brought to compel defendant to build a suitable farm crossing for plaintiff, who owned a farm in New Scotland, Albany county, through which defendant's road ran.

Plaintiff requested defendant to build a crossing, at a point where he had been accustomed to travel to and fro, for farm purposes. Defendant refused to build at the designated place, but built a crossing at the extreme north part of plaintiff's farm.

The court found that the place designated by plaintiff was the proper place for a crossing; that the crossing as built was inconvenient and not easy of access for the plaintiff, but held that the expense of building a new crossing at the proper place would exceed the damages sustained by plaintiff, and that equity would be better administered by requiring defendant to pay such damages. Judgment was therefore directed for $150 damages and cost. Judgment was entered accordingly.

*Samuel Hand* for the appellant. The only obligation upon railroad companies to construct crossings is imposed by statute and limited by its terms. (3 Edmonds' Gen. Stat., 635, § 44.) The diminution in value of the adjoining lands was necessarily presumed to have been included in the appraisal of the commissioners when the step was taken. (*Albany North. R. R. Co.* v. *Lansing*, 16 Barb., 85.)

*O. M. Hungerford* for the respondent. Railroad corporations are obliged to "erect and maintain farm crossings of the road, for the use of the proprietors of lands adjoining such road." (Laws of 1850, 233, § 44.) The owner of the land should have the right to locate his farm crossing. (*Wheeler* v. *R. and S. E. R. Co.*, 12 Barb., 230.) If plaintiff's case entitles him to any remedy, legal or equitable, his complaint is not to be dismissed, because he prays for a judgment he is not entitled to. (Code, § 275; *Clark* v. *Roch., L. and N. F. R. R.*, 18 Barb., 350; *N. Y. Ice Company* v. *Ins. Co.*,

23 N. Y., 357; *Emery* v. *Pease*, 20 id., 62; *Barlow* v. *Scott*, 24 id., 40; *Eldredge* v. *Adams*, 54 id., 417.)

JOHNSON, C.   The question in this case arises upon the forty-fourth section of the general railroad act of 1850.   (Laws of 1850, p. 233.)   That section requires that every corporation formed under the act "shall erect and maintain fences on the sides of their road, of the height and strength of a division fence required by law, with openings or gates or bars therein, and farm crossings of the road, for the use of the proprietors of lands adjoining such railroad."   It is contended that under this statute the right to designate where the crossing should be made is in the landowner, and the case of *Wheeler* v. *The Rochester & Syr. R. R.* (12 Barb., 227) to that effect is cited in support of the position, and certainly inclines to that view.   But it does not seem to me that sufficient attention was paid to the language of the statute and all the circumstances in which it was intended to apply.   It is not limited to cases where the corporation acquires the land by the exercise of the power of eminent domain, but applies with equal force where the lands are purchased at a voluntary sale. In each case the duty to make farm crossings is imposed on the corporation; and the extent of the duty is the same in each.   From the words, "for the use of the proprietors of lands adjoining," is to be implied an exclusion of any right in others than the proprietors to use the farm crossings and the openings, gates or bars through the railroad fence.   No election is given in terms to the landowner for whose use the crossing is to be made.   In general, the party who is to act has the election in case one is to be made.   (Co. Litt., 147, *a*.)   And where the act to be done is single, the party bound to act is to do it at his own risk of its being in accordance with his obligation.   Thus in *Holmes* v. *Seely* (19 Wend., 510), in regard to a way of necessity, which rests on the notion of an implied grant, it was held that the way should be a convenient one over the adjoining close of the grantor, regard being had to the interests of both parties, and that subject to this

qualification the grantor of the land should assign the way. That is, the owner of the servient tenement is in the first instance to locate the way. To the same effect is *Russell* v. *Jackson* (2 Pick., 574). That the interest of neither party is alone to be regarded in the location of the crossing, but that it is, looking to all the circumstances, to be suitable and convenient, is certainly just in itself, and is fairly to be inferred, as well from the terms of the statute as from the language of the cases cited. In the analogous case of one having a right to make a way over another's land, it has been held that the power must be exercised in a reasonable manner, having regard to the convenience of the owner of the servient land, and subjecting him to no needless and unreasonable injury. Thus in *Abson* v. *Fenton* (1 Barn. & Cres., 195), where, under an act of parliament, convenient and necessary ways were granted, it was held that the true question was whether the mode adopted was such as a prudent and rational person would have adopted if he had been making the road over his own land and not over the land of another man. This view, the court added, would on the one hand exclude all wanton, capricious and causeless injury to the owners of the servient lands, and, on the other, allow a beneficial exercise of the power conferred by the act of parliament.

In the case before us, the judge who tried the cause has found that the crossing actually built by the defendant was inconvenient for the plaintiff and not of easy access, and that the proper place for a farm crossing for the plaintiff was at the point were the plaintiff desired it to be made. That finding makes out a cause of action against the defendant within the principles before stated. The court, however, instead of directing a specific performance of the obligation, proceeded to inquire of the damages which the plaintiff had sustained, and gave him a pecuniary compensation. Of this the plaintiff does not complain. There were many cases in which a court of equity, while refusing a specific performance, would give the injured plaintiff compensation in damages. (Story's

Eq. Jur., §§ 794 to 800.) And under the Code, where issue is joined, such relief may be given as the case calls for, irrespective of the form of the summons, especially as damages are claimed in the complaint. Acting on these grounds, and finding that the expense of building a crossing at the point designated by the plaintiff would exceed the plaintiff's damage by being confined to the crossing made by the defendant, the court ascertained the amount of the damage and gave judgment therefor. This course is approved in *Clarke* v. *Rochester, Lockport & N. F. R. R.* (18 Barb., 350), and cannot be complained of by the defendant, to whom the judgment is more favorable than it was otherwise entitled to. Nothing in the statute prevents damages being given against the defendant for the breach of duty.

Some of the questions objected to bearing upon the extent of the plaintiff's damages are awkward in form, but are yet, it seems to me, fairly competent. The substance of the inquiry was as to the effect of the one or the other crossing on the value of the land separated by the railroad from the rest of this farm. It was not as to the general effect of the railway embankment on the value of the farm or of the separated lands. This would have been improper, as not touching the real issue. The inquiry, as made, was only another method of measuring the relative inconvenience of the crossings, and thus furnishing a criterion of the plaintiff's actual damages.

The judgment should be affirmed.

All concur.

Judgment affirmed.