JOHN JONES, RESPONDENT, *v.* JESSE SELIGMAN AND JOHN CROSBY BROWN, ACTING AS TRUSTEES FOR THE BONDHOLDERS OF THE NEW YORK, BOSTON & MONTREAL RAILWAY COMPANY, APPELLANTS.

*Mortgage trustees taking possession of railroad — bound to maintain fences — may be compelled to make farm crossings under its road — action to compel it lies by land-owner.*

Where a railroad company acquires title to land, partially constructs the road, and subsequently the trustees under a mortgage thereon take possession thereof and operate the same, such trustees are bound to maintain fences and construct farm crossings as required by the statute.

A land-owner may maintain an action to compel the company to construct and maintain fences when it neglects so to do, and is not confined to the action for damages prescribed by the statute.

The court may compel the company to excavate under the track and to make a farm crossing under its road.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to compel the defendants to fence so much of a railaoad as ran through the plaintiff's farm, and to compel them to excavate and make, under the track of the road, a passage for plaintiff's cattle, in order that they might obtain water from a neighboring stream.

The New York, Boston & Montreal Railway Company, a corporation duly organized, for the purposes of its incorporation, in the year 1873, acquired title to a strip of land theretofore forming a part of said farm, and in the same year partially constructed a railroad thereon. On February 1, 1873, the company executed and delivered to Jesse Seligman, John Crosby Brown and William Watts Sherman a mortgage which conveyed the property in question, with other property, in trust to secure payment of certain bonds therein specified. Previous to April 1, 1877, appellants took possession of this property under the mortgage, completed the road on this property, and the road is now being used under license by them.

*John N. Whiting*, for the appellants. The requirement of fencing railroads being a purely statutory one, is maintainable as a police regulation, for the protection of persons and property, and has been upheld on that ground. (*Suydam* v. *Moore*, 8 Barb., 358; *Waldon* v. *Rens. & Sar. R. R.*, 8 id., 390; *Thorpe* v. *Rut. & Bur. R. R. Co.*, 27 Vt., 140; 8 Ind., 217; 12 id., 3; 16 Iowa, 6; 27 Conn., 479.) The statute having provided a penalty for the neglect of the duty to fence, imposed by such statute, a party complaining of such neglect can only have the redress so given, and he cannot ask a court to intervene in his behalf to enforce the obligation to the general public. (*Smith* v. *Lockwood*, 13 Barb., 209; *Dudley* v. *Mayhew*, 3 N. Y., 15; *Clarke* v. *Rochester, Lockport & Niagara Falls R. R. Co.*, 18 Barb., 350; *Atkinson* v. *Newcastle, etc., Waterworks Co.*, 36 Law Times [N. S.], 761; reported in the Register of Nov. 30, 1877; consult, also, *Talmadge* v. *Rens. & Sar. R. R. Co.*, 13 Barb., 493; *Brooks* v. *N. Y. & Erie R. R. Co.*, 13 id., 594.)

*Herrick & Losey*, for the respondent. The appellants must erect fences, as asked for by the respondent herein. (Laws of

1854, chap. 282, § 8; *Shepard* v. *Buffalo, New York & Erie R. R. Co.*, 35 N. Y., 641; *People* v. *Saratoga & Schenectady R. R. Co.*, 2 Am. Law Jour., 158; *Staats* v. *Hudson River R. R. Co.*, 3 Keyes, 196, see opinion at 198; *Wademan* v. *Albany & Susquehanna R. R. Co.*, 51 N. Y., 568.) An action in equity will lie. (*People* v. *Mayor, etc., of New York*, 10 Wend., 395; *People* v. *Brennan*, 39 Barb., 522 [see 537]; *People* v. *Haws*, 12 Abb., 204, 207; *McCullough* v. *Mayor, etc., of Brooklyn*, 23 Wend., 458; *Buck* v. *City of Lockport*, 6 Lans., 251; *Ganson et al.* v. *City of Buffalo*, 1 Keyes, 454; *People* v. *Saratoga & Schenectady R. R. Co.*, supra; *Wheeler* v. *Rochester & Syracuse R. R. Co.*, 12 Barb., 227; *Clarke* v. *Rochester, Lockport & N. F. R. R. Co.*, 18 id., 350; *Wademan* v. *Albany & Susquehanna R. R. Co.*, supra.)

DYKMAN, J.:

The judge before whom this cause was tried has found that no fence has been built between the plaintiff's land and the railroad, and that a crossing under the surface of the railroad of sufficient size to allow cattle and horses to pass freely to and from the creek to the west of the road, is necessary at the place where the railroad bed crosses the old farm road, and the testimony in the case fully sustains the finding.

It is also found as facts that the New York, Boston & Montreal Railway Company obtained title to the lands described in the complaint for the purpose of constructing and operating a railroad thereon, and did partially construct the road; that the company executed and delivered to the defendants and another a mortgage, whereby the land was conveyed to them as trustees for certain bond-holders; and that as trustees the defendants took possession of the land, completed the construction of the railroad, and have operated it since that time. This action is an equitable one, to compel the defendant to erect the fences and farm crossing, and the first question presented is, whether the defendants are within the law requiring railroad companies to erect and maintain fences and farm crossings; certain it is, they are not within the letter of the law, but the statute has an object beyond the mere regulations of division fences

between adjoining land-owners, and was made in the interest of the public as well, to guard against the mischief which might result from the operation of a railroad without fences and cattle-guards, and the inconvenience arising from the want of proper and convenient crossings for farmers. The defendants are practically the owners and operators of this railroad, and are, therefore, within the spirit and intention of the statute, which must be held to include all operators of railroads, whether corporations or individuals. (*Tracy* v. *Troy & Boston R. R. Co.*, 38 N. Y., 433.) We will hold, therefore, that the defendants are within the spirit of the law, and are bound by it. The principal complaint against the judgment has respect to the farm crossing. It seems to be thought dangerous to establish a precedent that a farmer is entitled to a farm crossing under the track of the railroad. In answer to this it may be said, in the first place, that there is no doubt about the right of the land-owner to maintain such an action as this. (*Wademan* v. *Albany & Susquehanna R. R. Co.*, 51 N. Y., 568.) That being so, it must be left to the court to determine the kind of crossing necessary and proper to be constructed, and the place where it shall be made; nay, more, it might be said in favor of the plaintiff, that this is like a way from necessity, rendered so by the construction of the railroad, and the owner of the servient tenement may, in the first instance, locate the way. In the next place, it may be said the farmer is entitled to such a crossing as, under all the circumstances, is the best; the rights and duties of both parties being fully considered; certainly there can be no objection to an under surface crossing as such. On the contrary, it is much to be regretted that all crossings of railroads, both public and private, are not either beneath or above the railroad track, and it is matter for grave consideration whether it is not the duty of the Legislature to make a law requiring all crossings to be either one or the other, and allow none to be made on the same grade. Such a law would prevent loss and accident, and save life on the one hand, and be an immense saving to the railroad companies on the other. We do not think, therefore, there is any danger in establishing a precedent for an underground crossing. The point is made that the party injured by the omission to make fences and farm crossings is confined to the action

for damages, as prescribed by the statute; but we have already seen that, besides an action for damages, a land-owner may maintain an action to compel the railroad company to specifically perform the duty imposed by the statute. (*Wademan* v. *Albany, etc., R. R. Co.*, 51 N. Y., 568.) This objection need not, therefore, be any further noticed.

Upon the whole, we think the judgment is right, and must be affirmed, with costs.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.