Bradley, J.
The appellant owned about ten acres of land, and conveyed to the railway company a strip of it, upon which its railroad was constructed. This so severed her land that the portion on which her buildings were located was north of the road, and about five acres south of it. *252 By this deed of conveyance it was provided, and such was the covenant, that the company should make and maintain for her use a grade crossing over its railroad. The road was constructed and this was done. The petitioner now alleges that it requires the land described in the conveyance for the purpose of constructing thereon warehouses and trestles, and facilities for handling and storage of coal and other freight, and for the transfer of it from car to car, and other lawful yard purposes, and, therefore, seeks to extinguish her easement.
This the appellant resists, and by her answer, which was-at the special term, and must, for the purposes of this review, be taken as true, it is alleged that she has no means of access to the southern portion of her land other than by crossing the railroad; that the land is used for farming purposes, and.it is necessary for such purposes to pass to and from the southern portion to the northern portion of her land. She cannot, by any proceeding in invitum taken by the petitioner, be denied the right of a passageway across the railroad lands to and from these sections of her farm. This right is preserved to her by the statute, and in. like manner is imposed upon the company the duty of providing the means of such passage. Laws of 1850, chap. 140, § 44. And in doing it, regard must be had to the convenience of the land owner. Wademan v. A. and S. R. R. Co., 51 N. Y., 568; Smith v. N. Y. and O. M. R. R. Co., 63 id., 58; Jones v. Seligman, 81 id., 190.
If, therefore, as contended by the appellant’s counsel, the purpose and effect, if successful, of this proceeding is not only to extinguish the right of way already provided for her over the railroad, but to entirely defeat her right to any means of crossing the petitioner’s lands, the prayer of the petition was improperly granted. That purpose and such effect are disclaimed here by the counsel for the company. -The purposes for which it is alleged that the premises embracing the location of the present crossing are-required, are within those which support the exercise of the right of eminent domain. Laws 1850, chap. 140, § 21, as amended by Laws 1881, chap. 649; Laws 1882, chap 82. Treated as a proceeding merely to extinguish the easement-at the place where it now is, and as located, without thereby denying to the appellant the right to a farm crossing, there seems to be no want of power to accomplish that result, provided it will not have the effect of such denial. It is not alleged in the answer to the petition that such would be the effect of the appropriation by the company of this particular place of crossing. And it will not now be assumed that the consequence will be to deprive her of the right which the statute gives, or that the duty imposed by *253 it upon the company of providing for her a suitable crossing may not be observed and performed.
This duty is imperative, as applied to railroad companies seeking to appropriate land so situated as to require farm crossings for the convenience of the land owners, and in such case the taking of lands for those purposes is in some sense subject to tho right of provision for such crossings. Assuming for the purposes of this review, that the land owner can and may be provided with a proper crossing, and that the appropriation of the right and means reserved and provided pursuant to the covenant in the deed does not defeat her statutory right in that respect, we see no reason why the private easement as now located may not come within the property which the statute permits to be taken for the purposes in question.
But as the prayer of the petition and the terms of the order are such that they may have produced apprehension that the purpose and effect of the latter may have been to wholly extinguish her right to a crossing, and deny to her the benefit of the statute as applied to the premises, we think the order should by its terms qualify the effect of the proceeding in that respect.
The order should therefore be modified by adding thereto the words: “This proceeding shall not have the effect to deny to the said Catharine Miller the right to a suitable farm crossing through the lands of the petitioner, or to relieve the latter from the statutory duty of providing it for her, but is subject to such right and duty.” And, as so modified, affirmed, with ten dollars costs and disbursements of this appeal, to the appellant.
Angle, J., concurs.