## BUFFALO STONE & CEMENT CO. *v.* DELAWARE, L. & W. R. CO.

*(Superior Court of Buffalo, General Term. November 19, 1889.)*

1. RAILROAD COMPANIES—CONSTRUCTION OF FARM CROSSINGS—DAMAGES.

In an action to compel defendant to construct a farm crossing over its tracks it appeared that defendant's tracks traversed plaintiff's farm along-side the tracks of another company which had previously constructed a crossing at the point desired by plaintiff. At this point defendant's tracks were 13 feet above grade, on a solid embankment, and in order to get across defendant's tracks it was necessary for plaintiff to pass between the two railroads a distance of 550 feet, to a crossing erected by defendant at the point where its tracks entered the farm. *Held*, that evidence of the value of the farm, and the cost of hauling by reason of the location of the crossing by defendant, was competent as bearing on the question whether the court should exercise its equity power, and order a crossing, or give such damages as plaintiff had sustained by reason of failure to place a crossing at a suitable and convenient point, in case defendant's erecting such crossing should be disproportionate to the value of the property.

2. SAME—LOCATION OF CROSSING—RIGHTS OF OWNER.

The fact that defendant constructed a crossing at a remote and inconvenient point is no reason why it should not be required to build one where it is most convenient and useful. Although the right to locate a crossing is with the defendant, the interest and convenience of the owners are to be considered.

3. SAME—ESTOPPEL—CONDEMNATION PROCEEDINGS.

The proceedings taken by defendant to condemn the land, and damages paid to the owner for the right to cross, do not preclude plaintiff from suing to compel the construction of a crossing, and the compensation for damages does not include or provide for the inconveniences suffered from failure to build the crossing.

4. SAME—EVIDENCE—FINDINGS OF COURT.

Several witnesses testified to the fact that defendant's tracks were 13 feet above the level of the tracks of the other road at the point where the latter road had erected the crossing, and that defendant's tracks were on an embankment about 13 feet high. *Held*, that the evidence sustained the finding by the court that it is impossible for a team and wagon to cross defendant's tracks at this old farm road as the defendant's embankment now is, and that said old farm road had been used as an outlet to said farm for many years.

5. SAME.

As the evidence showed that plaintiff could not get to the crossing as located by defendant without passing 550 feet over the lands of defendant or the other railroad, a finding that he was "completely cut off from all connection with the easterly portion of his farm" without trespassing on the lands of another was proper.

6. SAME—ADJOINING OWNER—INTERVENING LANDS.

The fact that the lands of the other railroad intervene between the lands of defendant and those of plaintiff on one side does not prevent plaintiff from being within the statute as "proprietor of lands adjoining such railroad."

7. SAME—FOREIGN CORPORATION.

The fact that defendant is a foreign corporation does not exempt it from the obligation to erect farm crossings imposed under the laws of New York.

8. SAME—DUTY OF LESSEE.

Defendant was a lessee of the railroad under a lease which provided that it should use and operate the railroad, and "do and perform the acts and things which the [lessor,] as owner of the property and franchises, * * * would be bound by law to do and perform had this indenture not been made." *Held*, that the duty of the lessor to construct a farm crossing became the duty of defendant, as lessee, and the latter could be compelled by a farm owner to build the crossing.

9. SAME—SALE OF LAND—RIGHTS OF VENDOR.

Defendant was not absolved from liability to build the crossing by the fact that the person who owned the farm at the time the railroad was built had sold it to plaintiff, as the duty to construct the crossing was not owing to the owner as an individual, but to him as the owner of the farm benefited by the crossing, and no release of the obligation to build the crossing had been executed.

Appeal from special term.

Argued before TITUS and HATCH, JJ.

*Rogers, Locke & Milburn*, for appellant. *Strong & Brendel*, for respondent.

TITUS, J. This action is brought to compel the defendant, the Delaware, Lackawanna & Western Railroad Company, to construct a suitable crossing across the tracks of the railroad operated by it within the city of Buffalo. It

appears from the case that the action was originally commenced by Mary Schultz, and that subsequent to the commencement of the action she sold the premises described in the complaint to the Buffalo Stone & Cement Company, which was substituted as plaintiff in the action, and the action ordered continued in its name. At the time of the commencement of the action Mary Schultz was the owner of a farm of about 93 acres, fronting on Main street, and extending back to the Williamsville road, which, at this point, has not been opened to the public. Across this farm, extending from Main street back, many years ago, a road was laid out and opened for farm purposes, and is now known as "Hewett Street." Some years after this road was laid out the Erie Railroad Company built its road across this farm, entering upon it at the south-east corner and passing along in a northerly direction to Main street about 1,300 feet. It enters through a cut some 8 feet deep, which gradually lessens until at Hewett street, some 550 feet distant, the tracks are at grade, where the crossing was constructed by the Erie, which enabled the plaintiff's grantors to pass to and from the back end of the farm to that portion of it lying south of the tracks and next to Main street. The tracks of the defendant enter upon this farm immediately east and adjoining the lands of the Erie, and continue along parallel with the tracks of that company across the farm. The defendant's tracks enter onto the plaintiff's land at grade, and as it proceeds northerly it crosses Hewett street on an embankment 13 feet above grade. No farm crossing was made by defendant at Hewett street, and the farm-road crossing to the rear of plaintiff's land was blocked at this point by the embankment on which the road of the defendant was built. Near where the defendant's tracks enter the plaintiff's land, or 550 feet from Hewett street, the defendant constructed a crossing at grade. The Erie Railroad, at this point, has no bridge over the cut through which its tracks run, so that in getting across the tracks at this point, in going onto the back part of the farm, it is necessary to cross the Erie tracks at Hewett street, then pass along the embankment between the tracks of the two roads, over their lands 550 feet to the crossing prepared by the defendant at the south-east corner of this farm. It is claimed by the defendant that error was committed on the trial of the action in allowing the plaintiff to make proof of the value of the farm and of the cost of hauling stone over this railroad by reason of locating the crossing at the point indicated. It seems to me this proof was competent as bearing upon the question whether the court should exercise its equity power and order a crossing, or give the plaintiff such damages as he has sustained by reason of the failure to place a crossing at a suitable and convenient point, in case the company's erecting such a crossing should be disproportionate to the value of the property. *Wademan* v. *Railroad Co.*, 51 N. Y. 571. Whether the present crossing is conveniently and properly located, and whether it properly accommodates the plaintiff in the ordinary use of his farm, were questions of fact for the trial court. By stipulation of the parties the judge who tried the case personally inspected the crossing, and the proposed crossing, and all of the surroundings, to aid the court in determining whether such a crossing was necessary, and could without great expense be made, and presumably he was somewhat influenced in his determination of the question by his own observation; and it would be difficult for this court to say that he erred in his judgment as to the proper location of the crossing, and the necessity for one where the plaintiff now insists it should be. *Jones* v. *Seligman*, 81 N. Y. 190. Aside from the fact that the judge who tried the case personally inspected the locality, sufficient evidence appears in the case to warrant the conclusion reached by the court in ordering the crossing. The fact that the railroad company have constructed a crossing at a remote and inconvenient point is no reason why it should not be required to build one where it is most convenient and useful, all the surroundings considered. While the right to locate a crossing is with the railroad company, still the in-

terest and convenience of the land-owners are to be considered in the selection of a site for a farm crossing. *Wheeler* v. *Railroad Co.*, 12 Barb. 227.

The proceedings taken by a railroad company to condemn the land, and the damages paid to the owner for the right to cross, do not preclude the plaintiff from maintaining the action to compel the corporation to provide a suitable and proper crossing, and the compensation for damages does not include or provide for the inconveniences suffered from the failure to build a crossing where one should properly be located. *Jones* v. *Seligman, supra; Smith* v. *Railroad Co.*, 63 N. Y. 58. The fact that there is a valuable stone quarry on the place, located on both sides of the railroad tracks, cannot prejudice the plaintiff's right to a suitable, proper, and conveniently located farm crossing, and the plaintiff may be entitled to it independent and in spite of that fact. The counsel is mistaken in his criticism of the ninth and tenth findings in saying there is no evidence to support either of them. The ninth finding is absolutely true if I correctly read the evidence. The witness Schultz, in his testimony, says: "At the point where the Erie crosses, and where Hewett street crosses the Lackawanna tracks, it is some thirteen feet above the level of the Erie track, higher than this Erie road. The embankment of the Lackawanna runs so much higher than the track of the Erie. * * * It is a solid fill from Hewett street to Main street. * * * The Lackawanna embankment at Hewett street is about thirteen feet high." The other witnesses testify to the same fact. Not only is the fact found by the court, viz., "that it is impossible for a team and wagon to cross defendant's tracks at this old farm road as the defendant's embankment now is, and that said old farm road had been used as an outlet of said farm to said Main street for many years," fully and completely shown by evidence, but there is no evidence in the case from wh'ch an inference can be drawn that such is not the fact. The tenth finding is equally well established by the evidence. It cannot be claimed from the evidence that the plaintiff can get to the crossing as now located without passing 550 feet over the lands of the defendant, or over the lands of the Erie Company, which he has no right to do if either company over whose lands he passes forbids it, because in going from Main street east he must cross the Erie tracks over the crossing which is provided at Hewett street, then pass up along between the tracks of the Erie and the Lackawanna roads 550 feet, to the crossing provided by the defendant. So he is "completely cut off from all connection with the easterly portion of his farm" without trespassing upon the lands of another. It is claimed by the defendant's counsel that the plaintiff is not within the statute as "proprietor of lands adjoining such railroad," but that, inasmuch as the lands of the Erie Railroad Company intervene between the Lackawanna and the lands of the plaintiff on the southerly side, they do not adjoin, or are not adjacent to, the railroad of the defendant, and hence the plaintiff is not entitled to the relief. It seems to me that the plaintiff is the proprietor of "lands adjoining such lands" within the meaning of the statute. It appears that the Erie Railroad Company owns all of the land up to the lands of the defendant corporation, and has provided a crossing over its lands at Hewett street across which the defendant has thrown an embankment. It can make no difference whether the plaintiff's right of way is reserved in the deed conveying the land or voluntarily made under the statute providing for a farm crossing. It is owned by a railroad corporation, across whose lands the plaintiff's right of way exists up to the lands of the defendant. No person owns the lands between the lands of the plaintiff on the east of his lands on the west of the railroad tracks. It is the property of the Erie and Lackawanna Railroad Companies. Such a construction as contended for would defeat the object of the statute in providing for farm crossings, if, because the railroad built its tracks along-side the lands of another railroad, it should be held that the owner of the lands lying on both sides of the railroad was not the adjoining owner. The case of *People* v. *Colgate*, 67 N. Y.

512, cited by the defendant's counsel, does not bear out his claim. In that case the owner of lands applied to the land commissioners for lands lying under water. It was held that inasmuch as the statute provided that "the commissioners of the land-office shall have power to grant * * * lands under the waters of navigable rivers * * * for the beneficial enjoyment of the same by the adjacent owner; but no such grant shall be made to any person other than the proprietor of the adjacent lands, and any such grant that shall be made to any other persons shall be void," the defendant in that case did not own any upland, and was not the proprietor of the lands adjacent; that a street intervened between the lands and the river, and as the commissioners were limited by statute to adjacent owners of the uplands, they had no power to make the grant, and it was consequently void. *Schools* v. *Risley*, 10 Wall. 91, is to the effect that where the lands of a person are separated from a river by a public road or passage such person is not a riparian owner, nor entitled to the accretions occasioned by the alluvial deposits, but that if the land of such person extended to the river he would be entitled to such accretions as the owner of the adjacent lands. *Saulet* v. *Shepherd*, 4 Wall. 502, holds that before there can be a right to accretion there must be an estate to which the accretion can be attached, and the right depends upon the fact of the contiguity of the estate to the river. In *Banks* v. *Ogden*, 2 Wall. 57, it is held that accretions from Lake Michigan belong to the proprietor of the land bounded by the lake. These cases are illustrations of the well-known rule of the common law relating to the rights of riparian owners, and are not applicable to the rights of the party under the railroad law requiring the railroad to maintain farm crossings for the use of proprietors of land adjoining such railroads.

The defendant claims that the obligation imposed upon the corporation created under the laws of New York does not extend to the defendant corporation, which is an organization under the laws of Pennsylvania. There does not seem to be any good reason why a foreign corporation, operating a road in this state, should not be subject to its laws, and liable like a domestic corporation for omission to conform thereto, or for any neglect of duty or negligence in its performance. It has been held by the courts that a foreign railroad corporation is liable for negligence the same as a domestic corporation. *Purdy* v. *Railroad Co.*, 61 N. Y. 353; *Tracy* v. *Railway Co.*, 38 N. Y. 433. It is not claimed that the defendant's lessor, the New York, Lackawanna & Western Railroad Company, in a proper case, could not be compelled to construct a farm crossing, but it is insisted that the defendant, being a foreign corporation, is not within the statute. I have not been referred to any authority sustaining this view, and am not prepared to adopt it. It is claimed by the defendant's counsel that the defendant, as lessee, is not liable for the failure by the lessor to comply with the statute in constructing a road, in providing a farm crossing. Under the lease from the New York, Lackawanna & Western Railroad Company the defendant assumed to perform all acts and things which the lessor would be bound by law to perform. In article first of the lease printed in the case it is provided that "the said party of the second part shall during the continuance of this indenture use and operate the said railroad, and do and perform the acts and things which the party of the first part as owners of the property and franchises hereby demised would be bound by law to do and perform had this indenture not been made." These are public corporations, and the conditions imposed upon the lessee inure to the benefit of the public. The duty of the lessor becomes the duty of the lessee, and if the lessor would be bound to provide farm crossings that duty is devolved upon the lessee corporation for the benefit of all persons whose rights the statute had in view. It is claimed that this statute does not go to the extent of requiring the lessee to perform the statutory duty of the lessor in building the road. This provision of the lease as between the defendant and the

public has the force of law, and was intended to relieve the lessor from all further liability as owner of the railroad, and to impose all its incompleted duties as well as liability in operating the railroad upon the defendant. If this is not the true meaning of this clause, then such a provision would seem unnecessary to protect the lessor from liability of the lessee's negligence in operating the road, for it has been repeatedly held in this and many other states that such a provision is not necessary to charge the company operating the road with negligence. In *Ditchett* v. *Railroad Co.*, 67 N. Y. 425, the company operating the railroad was held liable. The court says, in speaking of the liability of the lessor to erect and maintain a fence as required ·by the statute along the line of the railroad: "It may well be doubted whether the lessor of a railroad, who had parted with the possession, could be held liable for the negligence of the lessee under the statute in question." In *Wasmer* v. *Railroad Co.*, 80 N. Y. 212, it was held that where the lessor, in laying tracks in a street, permitted them to be raised so much above the level of the street as to cause an injury to a person in driving over them, while the railroad was in the possession of the lessee, the lessee, and not the lessor, was liable in damages for the injury. This case, it is true, bears more particularly upon the duty of the company in operating the road, but the defendant is lessee of the property, rights, powers, and franchises of the lessor for the full term of its corporate existence, and is practically the owner of the road, and the lessor has nothing to do with maintaining, repairing, and operating it. It is a mere construction company, disposing of its property and franchises as soon as it had completed its railroad, and would not, as has already been intimated, be liable for damages from causes incident to operating the road had no such clause been inserted in the contract. It seems to me, therefore, that the action was properly brought against the Delaware, Lackawanna & Western Railroad Company, and that the statutory duty of providing farm crossings can be enforced against it. The defendant also claims that because of the sale of the property by Mary Schultz, who was the owner at the time the railroad was built, to the plaintiff, the defendant is absolved from liability to perform the statutory requirement. The duty to construct a farm crossing is not one owing to the individual, but to him as owner of the farm benefited by the crossing, and hence the fact that Schultz, who was the owner of the farm at the time the railroad was built, has since sold his land to the plaintiff, does not affect the question of enforcing upon the defendant the duty imposed upon it by the statute. Undoubtedly the owner could release the company from its obligation to build a crossing, and so he could make any other lawful agreement with the company by which his property would become charged or burdened, and it would pass down to his grantee with such charge or burden attached; but so long as he has not released the company from its obligation it attaches and passes to the grantee, with the title of the fee, and the defendant has not, by reason of a change of title to the lands, been relieved from the obligation imposed by the statute to build farm crossings. It therefore follows that the judgment appealed from should be affirmed, with costs.