GAIUS A. VAN KLEECK and Others, Respondents, *v.* THE DUTCHESS COUNTY RAILROAD COMPANY, Appellant.

*Bridge over railroad tracks — consideration of its cost, involved in the decision of the question — evidence as to its practicability.*

In deciding whether a crossing should be erected over railroad tracks, the cost to the railroad of constructing the same, as compared with the benefit to the landowner, must be taken into consideration. The interest of neither party is to control, but the power to compel the building of proper crossings and culverts is to be exercised in a proper manner, having due regard to the convenience of the owner of the land, and without subjecting the railroad to extravagant, burdensome and unreasonable expense.

The question as to whether the construction thereof should be compelled is one depending upon the facts and circumstances of each particular case, the location of the land and the needs and necessities of the owner.

What the expense of such improvement would be is a material fact in such inquiry, which it is error for the trial court to refuse to find.

It is an error, requiring a reversal of a judgment, to permit a non-expert witness to testify in answer to the question, "Is it practicable to build a bridge there over that railroad at a reasonable expense?"

APPEAL by the defendant, The Dutchess County Railroad Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Dutchess on the 15th day of August, 1893, upon the decision of the court rendered after a trial at the Dutchess Special Term, with notice of an intention to bring up for review on such appeal all questions of fact and law arising under the exceptions, findings and judgment.

*Milton A. Fowler*, for the appellant.

*Hufcut & Travis*, for the respondents.

PRATT, J.:

This is an appeal from a judgment rendered at a trial before a judge without a jury.

The action was brought by the plaintiffs, who own a farm through which the defendant took a strip of land by condemnation for its railroad, to compel the defendant to build a crossing under its railroad for stock at one point and a bridge over its railroad for teams and stock at another, in addition to certain crossings already built by the company.

From the proofs before the court it is difficult to perceive any necessity for a bridge over the railroad at all, and it is also very questionable whether any more cattle culverts are required for the reasonable use of the farm owned by the plaintiffs.

There is no such amount of travel over a farm crossing as to justify the great expense of building a bridge over a railroad.

It is well settled that the cost to the railroad, as compared with the benefit to the landowner, is to be taken into consideration in deciding whether a crossing shall be required. (*Jones* v. *Seligman*, 81 N. Y. 190–196; *Wademan* v. *A. & S. R. R. Co.*, 51 id. 568.)

The interest of neither party is to control, but the power to compel the building of proper crossings and culverts is to be exercised in a proper manner, having due regard to the convenience of the

owner of the land, and without subjecting the railroad to extravagant, burdensome and unreasonable expense.

The question is one that depends upon the facts and circumstances of each particular case, the location of the lands and the needs and necessities of the owner. While he is to be reasonably accommodated, the railroad must be justly and equitably dealt with.

What the expense would be of making the improvements demanded by the plaintiffs was a material fact which the court below refused to find. This we think was error. It was also error in refusing to find the height, details and cost of overhead bridge with approaches, and also cost and kind of under-crossing for cattle.

There are numerous exceptions remaining, but we will only notice one other, to wit, in permitting a non-expert to answer the following question : " Is it practicable to build a bridge there over that railroad at a reasonable expense ? " No one but an engineer, or a man experienced in bridge building or kindred work, could intelligently answer such a question, besides the answer decided the issue in the case.

It seems to us, in view of the above reasons, and the fact that the defendant has already built three grade crossings within about a third of a mile, and that to comply with the demand of the plaintiffs will entail great expense and hardship upon the defendant, there ought to be a new trial.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide the event.