Coös,　　）
June, 1900.　）

COSTELLO v. GRAND TRUNK RAILWAY CO.

A tenant by the curtesy may maintain an action for obstruction of a way appurtenant to premises so held by him, independently of the owners of the fee.

Where a farm crossing established for the accommodation of a landowner has been rendered unsuitable and inconvenient by reason of an increase in traffic, the railroad company may be authorized to change its location, under section 14, chapter 159, of the Public Statutes.

A landowner is not entitled to damages for a necessary change in the location of a farm crossing established for his accommodation, nor for the obstruction of the original way subsequent to the completion of the new crossing; but he may recover for any unreasonable delay to which he has been subjected, and is entitled to nominal damages for an unauthorized change in location by the railroad company, if the crossing provided for his use is reasonable and suitable.

BILL IN EQUITY, to compel the defendants to replace a crossing of a private way leading from the plaintiff's premises over the defendants' tracks to a public highway, and an action of law to recover damages for the obstruction and removal of the crossing. Facts agreed.

The plaintiff is tenant by the curtesy of the premises, and the owners of the fee are not parties to these proceedings. Previous to the construction of the defendants' railroad, the plaintiff's premises were a part of a farm owned by one Fisk. There then existed across the farm, at the place where the plaintiff claims he has a right of way, a traveled way used in connection with the farm for access to that portion now occupied by the plaintiff. In 1852, when the railroad was constructed, it passed through the farm and across this way; and the defendants put the crossing of the way over the

railroad in a passable condition for farm purposes, and have since kept it in this condition until April, 1899, when they removed it. In 1862, Fisk conveyed that portion of the farm south of the railroad to the plaintiff's wife, who erected a dwelling thereon which was occupied by her during her lifetime and by the plaintiff since her death. This crossing has been used to accommodate these premises from 1862 until its removal in 1899, and during that time there has always been a reasonable demand for a crossing for the way from the plaintiff's premises to the highway.

At the time the railroad was built, the crossing was constructed in a proper manner and was located in a safe and convenient place for the accommodation of both parties; but in recent years there has been such an increase in the defendants' business in the vicinity of this crossing that the necessary use of the tracks in the reasonable management of that business has rendered the way inconvenient and unsuitable for the accommodation of the plaintiff and the premises occupied by him. In the winter of 1899, the plaintiff, in a letter written to the defendants, claimed damages for the obstruction of the crossing and forbade its further obstruction. Before the removal of the old crossing, the defendants constructed for the use of the plaintiff and those occupying the premises a suitable and convenient crossing, located in a suitable and convenient place for the accommodation of the plaintiff and all others who had occasion to go to his premises, with suitable, convenient, and proper approaches to the same, 230 feet east from where the old crossing was located, and offered the plaintiff the use of the new crossing, which he refused to accept.

The defendants demurred to the bill because the owners of the fee were not parties thereto. They also demurred generally to the bill and the declaration in the suit at law.

*Sullivan & Cleaveland*, for the plaintiff.

*Chamberlin & Rich, Clarence A. Hight* (of Maine), and *L. Leroy Hight* (of Maine), for the defendants.

WALLACE, J. The plaintiff, as tenant by curtesy, possessed and was entitled to enjoy the right to use farm crossings which were appurtenant to the premises so held by him. If those rights were infringed, the plaintiff's life interest was sufficient to enable him to maintain any appropriate remedy in law or equity to redress the wrong, independent of the owners of the fee.

The plaintiff could acquire no right to or in the crossing by prescription. The statute providing that no title can be acquired by adverse possession by or against a railroad prevents the acquisition of any rights in that manner. P. S., c. 157, s. 15.

At the time of the construction of the defendants' railroad and since, the statute imposed upon railroad corporations the duty to provide suitable crossings for the accommodation of landowners in accordance with the agreement of the parties, or, if unable to agree upon the place, number, or kind of such crossings, then in accordance with the determination of some tribunal provided for that purpose. Laws 1850, c. 953, s. 5; C. S., c. 150, s. 45; G. S., c. 147, ss. 1, 16; G. L., c. 161, ss. 1, 16; P. S., c. 159, ss. 1, 19. When the defendants' railroad was constructed, the disputed questions as to the location and construction of crossings were determined by three disinterested justices of the peace. Laws 1850, c. 953, s. 5; C. S., c. 150, s. 45. Subsequently, the power to determine these questions was conferred upon county commissioners (G. S., c. 147, s. 16; G. L., c. 161, s. 16); and later upon the railroad commissioners. Laws 1889, c. 54, s. 1; P. S., c. 159, s. 19.

Under the statute, the plaintiff had the right to a suitable crossing over the defendants' railroad. The length of time the crossing has been maintained by the defendants for the benefit of the owners of the premises, and has been used by them without objection, shows it was legally established, either by the agreement of the parties or by some duly authorized tribunal.

The question of the location of the farm crossing is to be determined by the application of the doctrine of reasonable use. P. S., c. 159, s. 1; Jones v. Seligman, 81 N. Y. 191; Wademan v. Railroad, 51 N. Y. 568; Ellsworth v. Railroad, 34 N. J. Law 94. The convenience of all parties is to be considered in determining this question. Jones v. Seligman, supra. A farm crossing once established is not so located that it can never be changed. The necessity for changes has been recognized and provided for by legislation. P. S., c. 159, ss. 14, 19. The case cited by the plaintiff, to the effect that an established crossing is a fixture and cannot be taken from the landowner, contains the important limitation that this cannot be done "unless it should become necessary to do so for the improvement of the road." March v. Railroad, 19 N. H. 372, 378.

Prospective changes in the original construction were contemplated, and compensation therefor was included in the original award of damages. Dearborn v. Railroad, 24 N. H. 179; Perley v. Railroad, 57 N. H. 212, 214. The case is like a change of highway grade before the law of 1848 (Benden v. Nashua, 17 N. H. 477; Waldron v. Berry, 51 N. H. 136, 143), where no damages could be recovered if the change was reasonably necessary.

The old crossing had become so blocked by the increased business of the road that its further use was unreasonable, and it was the duty of the road to provide another which would be reasonable. This it has done; and while there might be a question of jurisdic-

tion if the facts were in dispute, the agreement of the parties in this case as to the question which the commissioners would pass upon renders an application to them a useless ceremony. As between these parties, the agreement establishes the fact that under the existing circumstances the new crossing is, and the old one is not, a reasonable and suitable way.

Upon this state of facts no cause for equitable interference is shown, and no damages can be recovered for the time since the new crossing was built. Neither can damages be had for the failure to construct the new crossing prior to the plaintiff's demand for better facilities. *Horne* v. *Railroad*, 36 N. H. 440, 444, 445. If the time between the service of notice and the construction of the new crossing was longer than was reasonable for doing the work, the plaintiff is entitled to such damages as he has suffered for the time covered by the unreasonable delay. If there was no such delay, he can recover only nominal damages.

While there was occasion to change the location of the crossing, the change should have been made in the method prescribed by statute. Neither party can separately undertake to determine the question of location (*Connecticut etc. R. R.* v. *Holton*, 32 Vt. 43; *Wademan* v. *Railroad*, 51 N. Y. 568), and for this infringement of right the plaintiff is entitled to nominal damages.

*Case discharged..*

All concurred