Sullivan,
Dec. 1, 1903.

FARWELL v. BOSTON & MAINE RAILROAD.

If a cattle-pass provided in accordance with an agreement or an order of the
railroad commissioners be wrongfully obstructed, the cause of action falls
within the general jurisdiction conferred upon the court by section 4, chap-
ter 204, Public Statutes.

In an action against a railroad company for obstructing a cattle-pass provided
for the accommodation of a landowner, the facts that fence rails were placed
across the opening by a tenant of the premises, and that a wire fence was
maintained by the defendants on both sides of the pass without objection,
do not conclusively prove an intent on the part of the owner to relinquish
his right.

The failure of a landowner to object to the filling of a cattle-pass upon his
premises does not estop him from maintaining an action therefor, in the
absence of evidence that the parties causing the obstruction lacked full and
accurate knowledge of all facts bearing on the question of the owner's
right, or that they were misled or induced to change their conduct in con-
sequence of his silence.

CASE, for obstructing a cattle-pass under the defendants' rail-
road tracks. The defendants pleaded to the jurisdiction, alleging
that it belonged to the railroad commissioners. Trial before *Peas-
lee*, J., at the November term, 1902, of the superior court. The
defendants' motions for a nonsuit and the direction of a verdict in
their favor were denied, subject to exception.

The plaintiff's evidence tended to prove the following facts:
When the railroad was constructed across the farm in question, in

1849, a cattle-pass was built under it to connect the severed portions of a pasture. The pass was used more or less until some time in the eighties. From then until 1895 the farm was occupied by tenants, and the pass was used little, if at all. In 1889, the tenant closed the opening with fence rails; and some time prior to 1892 the railroad corporation built a wire fence opposite the pass on each side of the right of way. The plaintiff examined the farm in 1894 with a view to its purchase by his brother, and saw that the pass was fenced. The brother purchased the farm the next spring, and the plaintiff entered into possession of it under an agreement for a life lease, which was given to him in 1898. In 1895, '96, or '97, the defendants constructed a second track at that point and filled the pass with sand or gravel. The plaintiff was aware of what was done at or about the time, and made no objection until the fall of 1899, when he demanded that the pass be opened. The pass is reasonably necessary to the enjoyment of the plaintiff's life estate.

*Frank O. Chellis* and *Gilbert A. Davis* (of Vermont), for the plaintiff.

*Ira Colby & Son* and *John M. Mitchell*, for the defendants.

CHASE, J. If the owner of land severed by a railroad and the proprietors of the railroad are not agreed upon the place, number, or kind of cattle-passes required for the owner's accommodation, the railroad commissioners have jurisdiction of the question and may determine it upon the application of either party, after notice and a hearing. P. S., c. 159, s. 19. If the proprietors of a railroad or any other party wrongfully obstruct a pass already provided in accordance with an agreement or an order of the railroad commissioners, the cause of action falls within the general jurisdiction conferred upon the court by section 4, chapter 204, Public Statutes. *Costello v. Railway*, 70 N. H. 403. The present action is of the latter kind; the plaintiff sues for damages resulting from the wrongful obstruction of a pass already existing. The continuance of the pass from 1849 until some time in the eighties is evidence that a right to the pass was legally established originally. *Costello v. Railway, supra.* The action cannot be abated for want of jurisdiction.

The defendants further say that the right to the pass was abandoned by the owners of the farm, and also that the plaintiff is estopped by his conduct from asserting the right. Their exceptions to the denial of their motions for a nonsuit and for the direction of a verdict in their favor raise the question whether the facts

reported constitute an abandonment or an estoppel as a matter of law. The closing of the pass with fence rails by a tenant does not conclusively prove an intent on the part of the owner of the land to relinquish his right. The act is consistent with a temporary use of the adjoining land that does not require use of the pass. The same is true of the defendants' act in putting a wire fence on the lines of their right of way. Such obstruction could be readily removed whenever the owner of the land had occasion to use the pass. The fact that the owner suffered the fence to be built and maintained without objection, if it be a fact, has, to say the least, quite as great tendency to prove a temporary suspension of his use of the pass as it has to prove an intention to abandon his right altogether. As to the estoppel, even if the plaintiff knew that the pass was being filled when it was done, which seems doubtful from the report, it does not appear that the defendants did not have as full and accurate knowledge of all the facts bearing on the question of the landowner's right to the pass as the plaintiff had, or that they changed their course of conduct or were misled in any way in consequence of the plaintiff's silence. *Clark* v. *Parsons*, 69 N. H. 147, and authorities there cited. Whether the plaintiff's objection to the continuance of the obstruction was seasonably made is also a question of fact. *Odlin* v. *Gove*, 41 N. H. 465. The defendants' motions were properly denied.

*Exceptions overruled.*

All concurred.