JOHN JONES, Respondent, *v.* JESSE SELIGMAN et al., as Trustees, etc., Appellants.

The remedy of an owner of land crossed by a railroad, for a failure on the part of the corporation to comply with the provision of the Railroad Act

of 1854 (§ 8, ch. 282, Laws of 1854), requiring railroad corporations to erect and maintain fences on the sides of their roads, and farm-crossings, is not confined to an action for damages given by said act ; but he may enforce the performance of this duty.

A railroad corporation in the discharge of its duty of providing farm crossings is not vested with any absolute discretion as to the number or character of the crossings. The power must be exercised in a proper manner, having due regard to the necessities and the convenience of the owner of the land, who may maintain an action to compel the corporation to erect necessary and suitable crossings ; or where crossings have been made which are insufficient, to construct additional ones ; and in such an action the question as to the propriety of additional crossings is one of fact for the court.

The court has power to direct the construction of a crossing under the tracks of the road.

The award and payment of damages in proceedings to condemn land taken for the road does not preclude the former owner from maintaining an action to compel the corporation to fulfill the duty imposed upon it as to crossings.

Where a railroad has been taken possession of under a mortgage, by trustees for bondholders, and is being operated by them, and where, by the mortgage, power is given to them to make repairs and additions to the road, they may be held for a performance of the duties imposed by said provision.

(Argued April 14, 1880 ; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 16 Hun, 230.)

This action was brought to compel defendants, as acting trustees of the bondholders of the New York, Boston and Montreal Railway Company, to build and maintain fences on each side of the lands taken by them from plaintiff in proceedings for that purpose, on which the road of said company, where it crossed plaintiff's farm, is constructed, and also to compel defendants to construct a farm crossing under the tracks of said road.

The court found in substance that said New York, Boston and Montreal Railway Company obtained title to the lands described in the complaint, for the purpose of constructing and

operating a railroad thereon, and did partially construct the road; that the company executed and delivered to the defendants and another, a mortgage, whereby the land was conveyed to them as trustees for certain bondholders; and that, as trustees, the defendants took possession of the land, completed the construction of the railroad, and have operated it since that time; that no fence has been built between the plaintiff's land and the railroad, and that a crossing under the surface of the railroad, of sufficient size to allow cattle and horses to pass freely to and from a creek to the west of the road, is necessary at the place where the railroad-bed crosses an old farm road.

*John N. Whiting* for appellants. The proceedings for condemnation contemplated and provided for every form of damage and inconvenience of the owner. (*Embury* v. *Conner*, 3 Comst. 511; *Clemens* v. *Clemens*, 37 N. Y. 74; *Demarest* v. *Darg*, 32 id. 281; *Sixth Ave. R. R. Co.* v. *Kerr*, 72 id. 332; *Van Schoick* v. *Del. & Rar. Canal Co.*, 1 Spen. (N. J. Supreme Court) 249; *Trenton Water Power Co.* v. *Chambers*, 2 Beasley (N. J. Chancery), 199; *Dearborn* v. *Boston & Montreal R. R. Co.*, 4 Fost. (N. H. Superior Court) 179; *Searle* v. *Lack. & Bloom. R. R. Co.*, 33 Penn. 57; 38 id. 281; 8 id. 445; 57 id. 87; 37 id. 469; 47 id. 428; *Henry* v. *Dubuque & Pacific R. R. Co.*, 2 Clarke (Iowa), 288; *R. & S. R. R. Co.* v. *Bradbury*, 6 How. 467; 13 Barb. 169; 17 Wend. 649; 19 id. 678; 16 Barb. 68, 100, 273; 56 id. 456.) As to the number of crossings, the railroad company was invested with a sound discretion and its decision is final, unless actual injustice is done. (*Wademan* v. *Alb. & Sus. R. R. Co.*, 51 N. Y. 568.) Plaintiff has no general equity which he can enforce through an application to the court, to compel the railroad company defendants to perform the public duty imposed as to fencing by the statute. (*Smith* v. *Lockwood*, 13 Barb. 209; *Dudley* v. *Mayhew, supra*, 3 N. Y. 15; *Clarke* v. *Rochester, Lockport & Niagara Falls R. R. Co.*, 18 Barb. 350; *Atkinson* v. *Newcastle, etc., Water-works Co.*, 36 Law

Times [N. S.] 761; reported in the "Register" of November 30, 1877. Consult, also, *Talmadge* v. *Renss. & Sar. R. R. Co.*, 13 Barb. 493; and *Brooks* v. *N. Y. & Erie R. R. Co.*, id. 594.) This statute as to fencing, being in derogation of the common law, is to be strictly construed, and plaintiff is entitled to the benefit of all doubts. (*Millard* v. *Lake Ontario, etc., R. R. Co.*, 9 How. Pr. 238; *McCluskey* v. *Cromwell*, 1 Kern. 603.) As no rights existed in the plaintiff except by statute, it is indispensable that the statute should be specifically designated, or the statutory facts explicitly averred. (*Miller* v. *Roessler*, 4 E. D. Smith, 234; *Bogardus* v. *Trinity Church*, 4 Paige, 178, 197; affirmed, 15 Wend. 111; *Goelet* v. *Cowdrey*, 1 Duer, 132.)

*C. B. Herrick* for respondent. Defendants are bound to erect and maintain fences on the sides of this railroad as asked by plaintiff. (*Tracy* v. *The Troy & Boston R. R. Co.*, 38 N. Y. 433; Laws 1853, ch. 174, § 16; *In re Rensselaer & Saratoga R. R. Co.*, 4 Paige, 553; Laws 1854, ch. 282, § 8; *Camp* v. *Bates*, 13 Conn. 1; *Smith* v. *Lockwood*, 13 Barb. 209; *Dudley* v. *Mayhew*, 3 N. Y. 9; *Shepard* v. *Buffalo, New York & Erie R. R. Co.*, 35 id. 641; *People* v. *Saratoga & Schenectady R. R. Co.*, 2 Amer. Law Journal [N. S.], 158; *Staats* v. *Hudson River R. R. Co.*, 3 Keyes, 196; see opinion at page 198; *Wademan* v. *Albany & Susquehanna R. R. Co.*, 51 N. Y. 568.) The proper relief as to the fences may be granted either in an equity action or by a writ of mandamus. (*Rex* v. *Marquis of Stafford*, 3 T. R. 651; *Storer* v. *Great Western Railway Co.*, 3 Railway Cases, 108; *People* v. *Mayor, etc., of New York*, 10 Wend. 395; *Buck* v. *City of Lockport*, 6 Lans. 251; *People* v. *Saratoga & Schenectady R. R. Co.*, supra; *Wademan* v. *Albany & Susquehanna R. R. Co.*, 51 N. Y. 568.) Defendants must also construct a farm crossing as adjudged herein. (Laws of 1850, ch. 140, § 44; *Wademan* v. *Albany & Susquehanna R. R. Co.*, supra; *Smith* v. *New York & Oswego Midland R. R. Co.*, 63 N. Y. 58;

*Wheeler* v. *Rochester & Syracuse R. R. Co.*, 12 Barb. 227; *Clarke* v. *R. L. & N. F. R. R. Co.*, 18 id. 350.)

MILLER, J.  This action was brought for equitable relief against the defendants as acting trustees of the bondholders of the New York, Boston & Montreal Railway Company, and the complaint asks that the defendants be adjudged to specifically perform the duties imposed upon them by law in respect to the matters set forth, and that they be required to build and maintain fences on each side of the lands taken by them from the plaintiff for railroad purposes, and described in the complaint, on which their railway is constructed, and which runs through the plaintiff's farm, in the manner required by law, and also a farm-crossing under said railroad.

Section 8 of the General Railroad Act (ch. 282, Laws of 1854) requires, that " every railroad corporation * * * shall, before the lines of such railroad are opened, erect and thereafter maintain fences on the sides of their roads of the height and strength of a division fence, as required by law, with openings or gates or bars for the use of the proprietors of the land adjoining such railroad," and to construct and maintain cattle-guards at all said crossings, and declares that so long as such fences and cattle-guards shall not be made, and when not in good repair, the corporation and its agents shall be liable for all damages, and when such fences and cattle-guards shall have been made and kept in good repair, such corporation shall not be liable for any such damages, unless negligently and willfully done.   This provision was intended as a protection to the public who might travel upon the railroad, as well as to the owners of lands adjoining, from injuries which might arise by reason of a neglect to comply with its terms.   While the duty imposed upon the corporation may be regarded to some extent as intended for the benefit of the public, it was not designed to limit the redress to be obtained for injuries sustained to a mere statutory remedy, as is the case in reference to penal enactments.   It is obvious that the statutory remedy would be entirely insufficient in all cases to secure full

and ample indemnity against. the hazard, inconvenience and danger, arising from an exposure of lands adjoining a railroad, and to the consequences which might result from an absence of fences, cattle-guards and other adequate means of protection. These are not only essential for the protection of the railroad, but indispensable to the owner for a proper and reasonable enjoyment of his rights. Without fences, his land would run to waste; and without crossings, the owner would be unable to work and use his land in a manner which would tend to promote his interests and confer upon him the advantages to which he is fairly entitled. He should, therefore, be allowed a proper remedy to enforce his right to fences and crossings; and as it is conceded by the appellants' counsel that an equitable action may be maintained for such a purpose, it is not necessary to discuss that question.

The right to compel a railroad corporation to erect and maintain fences along the sides of its road is quite clear, but the question arising as to the number and character of crossings to be made is of more difficulty. The solution of it must necessarily depend upon the facts and circumstances connected with the location of the farm, the necessity of the crossings and the accommodation of the proprietor of the land in the enjoyment of the same for ordinary farming purposes. In regard to the crossings in the case considered, the judge found that three farm crossings over the surface of the lands were necessary at the several places where they now exist, as completed since the commencement of this action, of which the southern and middle were sufficient, and that the northern needs a better graded approach to the east. He also found that a large portion of the plaintiff's farm, lying easterly of and adjoining said railroad, was without water, and that a crossing, under the surface of the railroad, of sufficient size to allow cattle and horses to freely pass to and from the creek to the west thereof, was necessary where the railroad-bed crosses the old farm road, and where a culvert has been built under said railroad.

It is claimed that the three farm crossings now in existence

were all conveniently located, properly made and sufficiently numerous, and that the additional crossing was not, therefore, required.    It is a sufficient answer to this position, to say that the propriety of the additional crossing, as well as the condition of the other crossings and their convenience, was a question of fact for the decision of the judge upon the trial. The existence of the old farm road as found by the judge, as well as the necessity of a crossing for cattle at the place designated, was a matter to be determined by the evidence and the facts presented.    The judge made a personal examination, with the consent of the parties, viewed the premises, and thus arrived at a conclusion.    It is not apparent that he erred as to the location of the new crossing under the surface, or in any other respect.

The location of a crossing is to be made somewhat with reference to the needs, necessities and convenience of the owner of the farm, and he is entitled to be reasonably and fairly accommodated.    The circumstances are to be considered, and the crossings should be located in view of all the surroundings, and according to the situation of the adjacent land.    The railroad corporation, in the exercise of its duty in providing farm crossings, is not vested with any such absolute discretion or arbitrary power that its decision is final and conclusive and cannot be reviewed or disturbed.    While under the provision of the General Railroad Act, requiring the corporation to erect farm crossings, etc., for the use of the proprietors of lands adjoining, the interest of neither party is alone controlling, the power must be exercised in a proper manner, having due regard to the convenience of the owner of the land, and without subjecting him to needless and unreasonable injury. (*Wademan* v. *The A. & S. R. R. Co.*, 51 N. Y. 568.)    In the case cited, where it was shown that the crossing was inconvenient for the plaintiff and not easy of access, and that the proper place for a farm crossing was at the point where the plaintiff desired it to be made, it was held that an action would lie to compel the defendant to build a suitable crossing. If the crossings made are insufficient in number, or improperly

constructed, no reason exists why they should not be increased or improved so as to be made convenient and useful. While their number or the conveniences furnished should not be unlimited, extravagant, or burdensome upon the corporation, the owner of the land is entitled, in a certain degree, to the advantages to be derived from a proper and fair exercise of this power. The nature of his rights must depend greatly upon the situation of the farm, and must be determined with a due regard to the rules already laid down. The court may decide as to the kind and character of the crossing to be constructed, its necessity, and the place where it should be located. It appears that there was an embankment at the place where the last-mentioned crossing was located; and we may infer that a crossing over the surface would be difficult, if not impracticable. The owner of the land was entitled to such a crossing as was suitable under the circumstances, and the judge, in view of the facts, had a right to direct that the crossing should be under the surface of the road. The right to a crossing under the track was a necessity if, for sufficient reasons, a construction over the surface of the road was not practicable, or would not answer the purposes intended. The principle referred to has been a subject of consideration in the courts, and the right to relief must rest in the sound discretion of the judge, and must be entirely equitable and just. (*Clarke* v. *R. L. & N. F. R. R. Co.*, 18 Barb. 350; *Wademan* v. *A. & S. R. R. Co.*, *supra; Wheeler* v. *R. & S. R. R. Co.*, 12 Barb. 227.) We think that there was no error in the findings of the court, to which reference has been had, and discover no ground for interfering with the conclusion arrived at.

The proceedings taken to condemn the land, and the damages paid by reason thereof, do not necessarily preclude the plaintiff from maintaining an action to compel the corporation to provide suitable and proper crossings, in case it has failed to fulfill the duty imposed upon it by law. As we have seen, the crossings are to be located and made, having in view the rights of all the parties; and as the corporation may not always conform to this rule, and those provided may not answer the pur-

poses designed, there must be a remedy to enforce the obligation which devolves upon it. If it had entirely failed to make any crossings whatever, most manifestly the courts would be authorized to grant the proper relief. For the same reason it should be compelled to make such crossings as are suitable and necessary for the proper and reasonable use of the farm by the proprietor. The proposition that when lands are taken compulsorily, the proceedings for condemnation contemplate and provide for every form of damage or inconvenience to the owner, is not well founded and cannot be upheld. In *Smith* v. *N. Y. & O. M. R. R. Co.* (63 N. Y. 58), it was held that a conveyance to a railroad corporation of a right of way to a road across a farm is not a waiver or release of the obligation imposed by the General Railroad Act to erect and maintain farm crossings. CHURCH, Ch. J., says: "It is said that when lands are acquired compulsorily, farm crossings are deemed a part of the compensation. I am not prepared to assent to this proposition." We think that such an item is not a proper subject of consideration in estimating damages for land taken for railroad purposes, and that they have once been made cannot affect the right of the owner to additional ones where these are insufficient.

The objection urged that the trustees, who only represent the bondholders, cannot be held for the performance of a duty imposed upon the corporation, and which it had neglected to fulfill, is not well founded. By the mortgage executed to them they have authority to make such reparation of and such additions to the railroad, or its branches, as they may deem expedient. This would confer power to erect and maintain fences, and to provide crossings. They have taken possession, completed the road over the plaintiff's land, and are obligated to protect it, and to perform such work as is required to be done for such a purpose. We think that the defendants are within the terms of the act, and bound to comply with its provisions, as the representatives of those who have an interest in the corporation. We discover no error upon the trial, and are of the opinion that the judgment should be affirmed.

All concur; RAPALLO, J., concurs on the concession of counsel that an equitable action can be maintained to enforce the performance by a corporation of a statutory requirement.

Judgment affirmed.