JOHN D. GRAHAM AND OTHERS, RESPONDENTS, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, APPELLANT.

*Liability of a railroad company for a failure to build and maintain fences on the side of its road — it is liable to the owner of an adjoining lot whose horse is killed by falling into a cut through which its tracks are laid.*

Upon the trial of this action, brought by the plaintiffs to recover the value of a horse killed by the alleged negligence of the defendant in failing to maintain fences on the sides of its road, it appeared that the plaintiffs owned and used as a pasture a lot of land adjoining the defendant's railroad; that there was a deep rock cut through which the railroad was laid along a portion of this pasture; that the defendant did not erect or maintain a fence on the side of its road where this cut was, and that the plaintiffs' horse, being in the pasture lot, fell down into this cut and was killed by the fall.

*Held,* that the defendant was guilty of negligence in not performing a duty, imposed upon it by the statute (sec. 8 of chap. 282 of 1854), which it owed both to the plaintiffs and to the public; to the public in the interest of the lives and property committed to its care, and to the plaintiffs in order to protect him in the enjoyment of his adjoining land and his horses and cattle thereon.

That, as the negligence of the defendant was the direct cause of the death of the plaintiff's horse, and the jury found that the plaintiffs were not guilty of contributory negligence, the plaintiffs were entitled to recover in this action.

That a claim made by the defendant that, under the provisions of the statute above cited, it was only liable for damages done by its agents or engines, could not be sustained.

*Knight* v. *New York, Lake Erie and Western Railroad Company* (99 N. Y., 25) distinguished.

That the rule that where the remedy is a statutory one, and a new right is given and specific relief prescribed, the remedy is confined to that which the statute gives, had no application to this case, as no new remedy was given by the statute which, while enjoining a new duty upon the railroad company, left the right, which corresponds to that duty, to be enforced by old remedies.

*Crandall* v. *Eldridge* (*infra*, p. 411) explained and distinguished.

*It seems,* that every person who violates an express statute is a wrong-doer, and, as such, is *ex necessitate* negligent, and if he has done the wrong with respect to an innocent person, the latter has his remedy for full indemnity. (Per LANDON, J.)

The act in question is not a mere modification of the law respecting division fences.

*Corwin* v. *New York and Erie Railroad Company* (13 N. Y., 42) followed.

APPEAL from a judgment in favor of the plaintiffs, entered in Washington county, upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried

*Edwin Young*, for the appellant.

*Wm. H. Tefft*, for the respondents.

LANDON, J. :

The statute (chap. 282, § 8, Laws 1854) provides that ".every railroad corporation  *  *  *  shall  *  *  *  erect, and thereafter maintain, fences on the sides of their roads, of the height and strength of a division fence as required by law." The plaintiffs owned and used as a pasture the lot of land adjoining the defendant's railroad. There .was ·a deep rock cut, through which the railroad was laid along a portion of this pasture lot. The defendant did not erect or maintain a fence on the side of its road where this cut was. The plaintiffs' horse, being in the pasture lot, fell down into this cut and was killed by the fall. The defendant was guilty of negligence in not performing its statutory duty. (*Corwin* v. *New York and Erie R. R. Co.*, 13 N. Y., 53.) This duty it owed both to the plaintiffs and to the public. To the public in the interest of the lives and property committed to its care ; to the plaintiffs in order to protect them in the enjoyment of their adjoining land and their horses and cattle thereon. The plaintiffs, in a proper case, could invoke the aid of equity to enforce its performance (*Jones* v. *Seligman*, 81 N. Y., 190), or obtain *mandamus* (*People ex rel. Garbutt* v. *R. & S. L. R. R. Co.*, 76 id., 294) or maintain their action for damages if their freehold was rendered less valuable, or they were deprived of its use, because of defendant's neglect to maintain the fences. (*Thomas* v. *Utica and B. R. R. R. Co.*, 97 N. Y., 245 ; *Leggett* v. *Rome, W. and O. R. R. Co.*, 41 Hun, 80.) These various remedies imply that the plaintiffs, as adjoining owners, are entitled to full protection to both their land and cattle from any injury resulting from neglect to maintain the fences.

The form of the action may not be material if the facts constituting it are, as in this case, plainly stated. The form here adopted charges the defendant with negligence. The last two cases above cited assume that there is a contract obligation upon the part of the defendant to perform its statutory duty. But the duty enjoined upon the defendant being for public as well as private protection, there is also, upon familiar principles, an obligation independent of contract, having its foundation in the policy of the law, which for

public ends, no less than for private advantage, requires its observ-
ance and imputes negligence because of its non-observance. This
negligence was the direct cause of the death of the plaintiffs' horse.

The jury found that the plaintiffs were not guilty of contributory
negligence. Within *Shepard* v. *Buffalo New York and Erie Rail-
road Company* (35 N. Y., 641), it would be difficult to impute contribu-
tory negligence in a case like this. Thus, the plaintiffs' right to recover
was established. But the defendant relies upon the further pro-
vision of the statute above cited. It further provides : " So long as
such fences   *   *   *   shall not be made, and when not in good
repair, such railroad corporation and its agents shall be liable for
damages which shall be done by the agents or engines of any such
corporation to any cattle, horses,   *   *   *   thereon." The defendant
insists that it is only liable for damages done by its agents or engines,
and cites *Knight* v. *New York, Lake Erie and Western Railroad
Company* (99 N. Y., 25). In that case the plaintiff was not the
owner or occupier of the premises adjoining the railroad, and, there-
fore, the railroad was guilty of no negligence with respect to the
fences between its road and his land ; and since the plaintiff's colt
passed upon the railroad through a defective fence between the rail-
road and some other owner, the plaintiff was entirely without right
to relief except such as the statute provided ; and as it provided none
for his case, he could not recover. The defendant also cites cases to
the effect that where the remedy is a statutory one, and a new right
given, and specific relief prescribed for a violation of such right,
the remedy is confined to that which the statute gives. (*Jessup* v.
*Carnegie*, 80 N. Y., 441, 456 ; *Dudley* v. *Mahew*, 3 id., 9, 15 ;
*Smith* v. *Lockwood*, 13 Barb., 209 ; *Renwick* v. *Morris*, 7 Hill, 575.)
Here no new remedy is given ; the statute enjoins a new duty upon
the railroad company, but the right which corresponds to that
duty is left to be enforced by old remedies. *Crandall* v. *Eldridge*,
decided by us at this term of the court,* differs from this case only
in the fact that it arose between the owners of adjoining farms
and is governed by the statute relating to division fences. There
the defendant neglected to maintain his part of the division
fence. The plaintiffs' colt passed from the plaintiff's land over this
defective fence, fell into a natural morass upon the defendant's lot

* Reported, *post,* p. 411.

and was drowned. The statute respecting division fences limits the recovery to injury done to the land and crops. But for the statute the plaintiff's colt would have been trespassing upon defendant's lot. We held that as the statute respecting division fences confers no rights and imposes no duties except as between the owners of adjoining lands, the negligence with respect to their particular division fences does not concern the public, and hence gives no rights springing from a violation of a public duty, and, therefore, the plaintiff was confined to the statutory relief and could not recover. But we pointed out that when the new duty enjoined by the statute is for the benefit of the public as well as for persons holding certain specified relations to the party upon whom the duty is enjoined, the neglect of that duty gives the party injured all the relief due to him in either or both relations. The cases are numerous which hold that the violation of a public statute is legal negligence, and the violation of a municipal ordinance is evidence of negligence. (*Van Norden* v. *Robinson*, 45 Hun, 567, and cases there cited.)

It was at one time contended that the only liability incurred by violating an ordinance was the penalty prescribed in it. (*Brown* v. *Buffalo and S. L. R. R. Co.*, 22 N. Y., 191.) But that doctrine did not long prevail. It was soon perceived that every person who violates an express statute is a wrong-doer, and as such is, *ex necessitate*, negligent; and if he has done the wrong with respect to an innocent person, the latter has his remedy for full indemnity. (*Jetter* v. *N. Y. and H. R. R. Co.*, 2 Keyes, 154, 162.) Nor is it clear that the statute casts any new duty or liability upon the defendant. The legislature conferred the right to construct and operate railroads, and therewith, and as a part of the legislation conferring the rights, it enacted the statute in question to impose a duty regulating the right. The right and duty go together, and when the right is obtained the duty is imposed. The act is not a mere modification of the law respecting division fences. (*Corwin* v. *N. Y. and Erie R. R. Co.*, 13 N. Y. 42.)

Judgment affirmed, with costs.

POTTER and PARKER, JJ., concurred.

- Judgment affirmed, with costs.