THE BUFFALO STONE AND CEMENT COMPANY, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Where, in an equity action, no objection is raised by answer or upon trial that such an action is not the appropriate remedy, the objection is not available upon appeal.

The provision of the General Railroad Act (§ 44, chap. 140, Laws of 1850), requiring corporations organized thereunder to "erect and maintain fences on the sides of their road ＊ ＊ ＊ with openings or gates or bars therein, and farm crossings of the road for the use of the proprietors of lands adjoining such railroad," was designed to compel such corporations to construct and maintain such crossings over their lines as are necessary to enable owners, having land abutting on either or both sides of the road, to reach and work their properties.

The statute does not limit the right of adjoining owners to crossings solely for agricultural purposes, but they may be ordered to enable owners to remove the natural products of the land, or stone, minerals, etc., therefrom.

Nor is the right limited to a proprietor, a strip of whose land has been taken for the road, leaving remaining portions adjoining such strip on both sides.

While the provision of the act of 1864 (§ 2, chap. 582, Laws of 1864), requiring the lessee of a railroad to "maintain fences on the sides of the road so leased ＊ ＊ ＊ with openings or gates or bars therein at the farm crossings of such railroad, for the use of the proprietors of the lands adjoining such railroads," does not expressly require such lessee to build and maintain farm crossings, yet it is the duty of such a lessee in possession, with power to make repairs and additions, to construct necessary farm crossings.

This obligation is not confined to domestic corporations or those organized under the General Railroad Act, but applies to a foreign corporation which, under authority given to it by statute, has leased and is operating a road in this state, and has covenanted by its lease to perform all things in connection with the road which the lessor might be required to perform.

Where, therefore, defendant, a corporation organized in another state, having been authorized by statute (Chap. 244, Laws of 1855) to contract with corporations in this state and to sue and be sued in its courts, leased the road of a railroad corporation of this state, the lease containing a provision requiring the lessor "to do and perform all acts and things" which the lessor "would be bound by law to do and perform" had the lease not been made, *held*, that the duty of constructing farm crossings, in the cases prescribed, was imposed upon it.

Plaintiff is the owner of a farm through which, before the construction of defendant's road, another railroad corporation, the E. R. Co., had constructed its road, the grade of which was about on a level with the natural surface of the ground. The road cut off the larger portion of the farm, upon which were stone quarries, from the highway; to give access to this, a grade crossing was constructed where a farm road crossed the tracks. The road so leased by defendant was laid out across said portion of the farms parallel with and a short distance from the other road. The owners of the farm, conveyed to the E. R. Co. the strip between the two roads, reserving a way across in continuation of the way in use. The bed of defendant's road was raised above the surface of the ground, and where it crossed the farm road the elevation was about thirteen feet. Plaintiff demanded that an under crossing be constructed in continuation of the other crossing, so as to give access to said portion of its farm; this defendant refused, but built an over crossing at a point where the grade of its road came near the natural surface, about 550 feet away from the original crossing. In an action to compel the construction of an under crossing as required, *held,* the facts justified a finding that a suitable crossing had not been built; that the questions where and how one should be built, and whether under or over defendant's tracks, were questions of fact for the trial court, and there being evidence to sustain its findings in these respects, and it appearing that it had fairly exercised its discretion, its determination could not be disturbed here.

(Argued October 15, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made November 19, 1889, which affirmed a judgment in favor of plaintiff directing the construction of an under farm crossing, entered upon a decision of the court on trial without a jury.

The plaintiff owns a farm, which, before any part of it was taken by railroads, contained about 100 acres, and is situated on the east side of Main street in the city of Buffalo. In 1870, the Erie Railway constructed a railroad through this farm, so dividing it that there are about fifteen acres between the land of the railroad and Main street, and about eighty-five acres east of the railroad. The bed of this railroad is raised but slightly above the natural surface of the ground, and to enable the owners of the land to reach and use the eighty-five acres, a grade crossing was constructed where a farm road known as Hewitt street crosses the track. In 1881, the New

York, Lackawanna and Western Railway Company, a corporation organized under the laws of the state of New York, laid out and mapped the right of way for a railroad across this farm, parallel to and about seventy feet east of the line of the land of the Erie, and began proceedings to acquire the property by condemnation. While these proceedings were pending, the owners of the farm conveyed to the Erie the strip of land lying between its right of way and that which the New York, Lackawanna and Western Railroad was seeking to acquire; reserving, however, a way across it in continuation of the way then in use over the railroad. In March, 1882, the New York, Lackawanna and Western Railway Company acquired by condemnation a strip of land ninety-nine feet wide through this farm, which is bounded on the west by the land of the Erie Railway, and on the east by the land of the plaintiff. Shortly afterwards, a railroad was constructed, having its bed raised several feet above the natural surface of the ground, and where it crosses the farm road, used in connection with the Erie crossing, the roadway is about thirteen feet above the surface.

On the 2d day of October, 1882, the New York, Lackawanna and Western Railway Company leased its line to the Delaware, Lackawanna and Western Railroad Company for 499 years, since which time the latter corporation has been in possession and engaged in operating the road. The plaintiff demanded that an under crossing be constructed in continuation of the Erie crossing so as to enable it to reach and occupy the land east of the defendant's line. The defendant refused to construct a crossing at this place, but built an over crossing about 550 feet away from the original crossing and at a point where the grade of the railroad approaches near to the natural surface of the land.

This action was begun by Mary Shultz, a former owner, to compel the construction of an under crossing in continuation of the Erie crossing; but afterwards, she conveyed the premises to this plaintiff, and it was substituted in her stead. The Special Term, before which this action was tried, ordered the

construction of an under crossing at the place designated by the plaintiff; which decision was affirmed by the General Term, and thereupon the defendant appealed to this court.

*John G. Milburn* for appellant.   An action of this nature will not lie to compel a railroad company to perform its statutory duty to construct farm crossings.   (*Jones* v. *Seligman*, 81 N. Y. 190; *Wademan* v. *R. R. Co.*, 51 id. 568; Pom. on Spec. Perf. § 1401; High on Ex. Rem. §§ 25, 276, 277; Laws of 1850, chap. 140, § 44; *People* v. *R. R. Co.*, 58 N. Y. 152; *People ex rel.* v. *Cummings*, 72 id. 433; *People ex rel.* v. *Medical Society*, 32 id. 185; *People* v. *Gas Light Co.*, 1 Abb. Pr. 404; *People* v. *Mayor, etc.*, 10 Wend. 305; *Thompson* v. *R. R. Co.*, 6 Wall. 134; *Van Norder* v. *Morton*, 99 U. S. 378; *Beck* v. *Allison*, 56 N. Y. 366.)   The plaintiff was not an adjoining proprietor within the meaning of the statute. (Laws of 1850, chap. 140, § 44; *People* v. *Colgate*, 67 N. Y. 512; *School* v. *Risely*, 10 Wall. 91; *Saulet* v. *Sheperd*, 4 id. 502; *Banks* v. *Ogden*, 2 id. 57.)   The under-crossing ordered was not in any sense a farm crossing or one which the statute allowed.   (*Jones* v. *Seligman*, 81 N. Y. 190; *Wademan* v. *R. R. Co.*, 51 id. 568; *Clarke* v. *R. R. Co.*, 18 Barb. 350.) The plaintiff did not make a case for specific performance. (*Day* v. *Hunt*, 112 N. Y. 195; *Conger* v. *R. R. Co.*, 120 id. 29.)   This action will not lie against the defendant as the lessee of the New York, Lackawanna and Western Railway Company.   (Laws of 1854, chap. 282; *In re N. Y., L. & W. R. R. Co.*, 99 N. Y. 21; *Wheat* v. *Rice*, 97 id. 302; *Miller* v. *R. R. Co.*, 125 id. 118.)   We were entitled to a determination of the question whether or not a farm crossing should be built as demanded on proper evidence.   This rule applies to an equity case tried before a judge.   (*Foote* v. *Beecher*, 78 N. Y. 155.)

*James C. Strong* for respondent.   The motion of the defendant to dismiss the complaint upon the ground that it does not show any right, title or interest in the plaintiff, is not tenable.

(*Schell* v. *Devlin*, 82 N. Y. 333 ; *Smith* v. *Zalinski*, 94 id. 519; *Gibson* v. *Bank*, 98 id. 87, 88 ; 7 Abb. [N. C.] 194; 26 Hun, 225 ; *Brooman* v. *Turner*, 69 N. Y. 280 ; *Hand* v. *Kennedy*, 83 id. 149 ; *Little* v. *Banks*, 85 id. 258 ; *Todd* v. *Weber*, 95 id. 181.) The exceptions of the defendant to the ruling of the court allowing the plaintiff to give evidence tending to show the kind, quality and quantity of stone on the premises, and that the expense of hauling stone over the crossing claimed to have been made by the defendant, is greater than if hauled over a crossing to be built at Hewitt street, is without merit. (18 Barb. 350.) The court in banc is bound to assume that the court, at Special Term, which made this order, made it upon the proper papers. (Code Civ. Pro. § 3253 ; *Darling* v. *Brewster*, 55 N. Y. 667; *Cowins* v. *Supervisors, etc.*, 3 T. & C. 296 ; 16 Abb. Pr. 465 ; *Lattimer* v. *Livermore*, 72 N. Y. 174.) The question of a farm crossing, or for damages for not making and maintaining a proper one, is not one that a commission appointed to condemn the land and award damages to the owner can consider. (*Jones* v. *Seligman*, 81 N. Y. 190–198 ; *Wheeler* v. *R. & S. R. R. Co.*, 12 Barb. 227.) Defendant is required by law to build a farm crossing, it being incorporated under the laws of the state of Pennsylvania, and operating its road under said lease from the New York, Lackawanna and Western Railroad Company. (*Clarke* v. *R. L. & N. F. R. R. Co.*, 18 Barb. 350.) The crossing defendant claims to have made for the use of plaintiff is not a proper one and one that complies with the laws relating to farm crossings. (*Wademan* v. *A. & S. R. R. Co.*, 51 N. Y. 568 ; *Smith* v. *N. Y. & O. M. R. R. Co.*, 63 id. 58 ; *Jones* v. *Seligman*, 81 id. 190 ; *Wheeler* v. *R. & S. R. R. Co.*, 12 Barb. 227.)

FOLLETT, Ch. J. The learned counsel for the appellant strenuously argued that this action in equity is not, but that a mandamus is, the appropriate remedy to compel a railroad corporation to construct a crossing pursuant to the statute. This objection not having been taken by the answer, or on the

trial, is not available in this court.  (*Town of Mentz* v. *Cook*, 108 N. Y. 504.)

For defenses on the merits, the defendant insists: (1) That the plaintiff is not an adjoining proprietor; (2) That, being a foreign corporation and lessee of the railroad, it is under no obligation to build a farm crossing; (3) That the crossing ordered by the judgment is not a farm crossing, within the statute.

The statute provides: " Every corporation formed under this act shall erect and maintain fences on the sides of their road, of the heighth and strength of a division fence required by law, with openings, or gates, or bars therein, and farm crossings of the road for the use of the proprietors of lands adjoining such railroad." (§ 44, chap. 140, L. 1850.) It is also provided : " And when the railroad of any railroad corporation shall be leased to any other railroad company, or to any person or persons, such lessees shall maintain fences on the sides of the road so leased, of the heighth and strength of a division fence, as required by law, with openings, or gates, or bars therein, at the farm crossings of such railroads, for the use of the proprietors of the lands adjoining such railroads." (§ 2, chap. 582, L. 1864.)  The land of this plaintiff adjoins on the east the land whereon the road is built, and without a crossing, it is impossible to reach the plaintiff's land from the street for any purpose.   The defendant's contention seems to be that an owner has no right to a crossing, unless the road so divides the tract that the remaining land adjoins on both sides of the strip taken for the railroad.   This was not the intention of the statute.   Take the case of a farm abutting on a public highway, as this one did, and the corporation, instead of acquiring its right of way some little distance from the street, takes one along side of the highway, so that one of the exterior lines of the land taken coincide with one of the boundary lines of the farm.   In such a case, the land is not divided, but the land not taken is as effectually cut off as though land remained on both sides of the road.   Again, which is this case, two parallel and contiguous railroads are.

built at different times through a farm.   The owner has a right to a crossing over the road first built, but it is urged that in case another is constructed by the side of the first he has no right to compel the latter to build a crossing over it. The statute is not capable of any such narrow construction, its design being to compel such corporations to construct and maintain such crossings over their lines as are necessary to enable owners having land abutting on either or both sides of the road to reach and work their properties.

By chapter 244 of the Laws of 1855, this defendant is authorized, in the prosecution of its business, to make contracts with any corporation in this state, and to sue and be sued in its courts.   Under that statute, the defendant leased from the New York, Lackawanna and Western Railway Company, for 499 years, its entire property then owned, or thereafter to be acquired, with all the franchises, immunities, rights, powers and privileges which had been then granted, or which should be thereafter granted, to the lessor.   The lease, among other provisions, contains the following : " And the said party of the second part (defendant) shall, during the continuation of this indenture, use and operate the said railroad and do and perform all acts and things which the party of the first part, as owners of the property and franchises hereby demised, would be bound by law to do and perform had this indenture not been made."

It is true that the section above quoted from the act of 1864, which imposes certain duties upon lessees of railroads, does not, in express terms, require them to build and maintain farm crossings.   But they are, however, expressly required to build and maintain division fences, with openings having gates or bars therein, at farm crossings.   In *Jones* v. *Seligman* (81 N. Y. 190), a railroad corporation mortgaged its property to trustees to secure the payment of an issue of bonds, and thereafter defaulted in the payment of the interest.   Under a power in the mortgage, the trustees entered into possession, completed and operated the road for the benefit of the bondholders.   An action was brought to compel the trustees to

build fences and farm crossings; which was defended on the ground that no corporations or persons could be compelled to perform either of these statutory duties, except those mentioned in the statutes. It was held that the trustees being in possession, with power to make reparations and additions, that they had the right, and it was their duty to construct fences and necessary farm crossings; that being in possession of the property and engaged in operating it, that they must carry out the provisions of the statutes as the representatives of the corporation. In this case the defendant, by a covenant in the lease, above quoted, expressly agrees to perform all things in connection with the road which the lessor might be required by law to perform. This provision plainly includes the duties imposed by statute on the lessor, and brings the case within the principle of *Jones* v. *Seligman*. The position that the defendant is not liable because it is not a corporation of this state, or organized under chapter 140, L. 1850, is not tenable. It having the right to operate its leased lines under the statutes of this state, it must be held to have assumed to discharge the same duties to the public and adjoining owners as are imposed upon such corporations organized and existing under our own statutes.

Before the defendant's road was built quarries had been opened on the farm from which stone used in building and for cement were taken and sold, and when the road was constructed the land was used for agricultural purposes, and portions of it for quarries. The defendant insists that it was error to receive evidence of the extent of the use, or of the value of the property for quarries, or to order a crossing constructed for any uses except agricultural ones. The statute does not limit the right of adjoining owners to crossings solely for agricultural purposes, but they may be ordered to enable owners to remove the natural products of the land, like stone and minerals.

The evidence is sufficient to sustain the finding that a suitable crossing for the use of this property had not been built, and the questions where one should be constructed, its dimen-

sions, and whether over or under the tracks, were questions of fact for the trial court; and there being evidence to sustain the finding that the crossing should be located at Hewitt street and built in the manner described in the judgment, the discretion of the trial court, which seems from the evidence to have been fairly exercised, cannot be overruled by the Court of Appeals.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.