EDWIN BEARDSLEY et al., Respondents, *v.* THE LEHIGH VALLEY RAILWAY COMPANY, Appellant.

An award, in proceedings to condemn lands for railroad purposes, to the owner of a farm crossed by the track of the road, does not deprive the owner of his right to compel the railroad company to construct suitable crossings.   It is to be assumed that both parties stood upon their legal rights as to crossings, and they are in no manner extinguished or affected by the award.

Accordingly *held*, that an award in such proceedings, in the absence of evidence showing that the damages awarded rested to any extent upon the form or manner of constructing the crossings, was no defense to an action brought to compel defendant to construct an underground crossing.

Reported below, 65 Hun, 502.

(Argued March 20, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 4, 1892, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. P. Rose* for appellant. The plaintiffs should not have the relief prayed for because damages for this identical cause of action have already been awarded and paid them in the proceedings to condemn the land. (*Embury* v. *Conner*, 3 N. Y. 511; *Clemens* v. *Clemens*, 37 id. 59.) Our exceptions to the admission of evidence as to the difference in value of the farm with and without an undercrossing are well taken. (*Roberts* v. *N. Y. E. R. R. Co.*, 128 N. Y. 455; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 id. 31.)

*James C. Smith* for respondents. The duty imposed by section 44 of chapter 140 of the Laws of 1850, upon every railroad corporation formed under that act, to construct farm crossings for the use of the proprietors of lands adjoining its railroad, may be enforced by a court of equity, in an action brought to compel its specific performance, and in such action the court has power to require that the crossing be under and not over the track of the railroad. (*Wheeler* v. *R. & S. R. R. Co.*, 12 Barb. 227; *Wademan* v. *A. & S. R. R. Co.*, 51 N. Y. 568; *Jones* v. *Seligman*, 16 Hun, 230; 81 N. Y. 190; *Post* v. *W. S. & B. R. Co.*, 123 id. 580, 591; *B. C. Co.* v. *D., L. & W. R. R. Co.*, 130 id. 152.) In the performance of such duty, a railroad corporation is not vested with an absolute discretion as to the number, location or character of the crossings. The duty must be performed in a proper manner, having due regard to the necessities and the convenience of the owner of the land. (*Jones* v. *Seligman*, 16 Hun, 231; 81 N. Y. 190.; *Wademan* v. *A. & S. R. R. Co.*, 51 id. 568.) The necessity and propriety of the under-grade

crossings asked for by the plaintiffs was a question of fact for the decision of the judge upon the trial, in view of the surroundings and all the circumstances, and his decision of that question, upon conflicting testimony, is to be regarded as conclusive. (130 N. Y. 152.) The award and payment of damages in the proceedings had to condemn the land taken by the defendant do not preclude the plaintiffs from maintaining this action to compel the construction of suitable crossings. (*Smith* v. *N. Y. & O. M. R. R. Co.*, 63 N. Y. 58; *Jones* v. *Seligman*, 81 id. 190, 197, 198; *Bailey* v. *B., N. Y. & P. R. Co.*, 25 Hun, 64.)

FINCH, J. Two questions of law are raised in this case. The action is in equity to compel the defendant company to construct an under-grade crossing on the plaintiff's farm. One of the reasons now given for such a crossing is that there may be in that manner provided a safe and convenient passage for cattle to reach water which would be much more inconvenient and unsafe if the only crossings were at grade. The defendant answered that such inconvenience had already been allowed and paid for by the award in condemnation proceedings, and some of the evidence at that time given was recited as proof of the fact. There was testimony that the line of the railroad would leave the adequate and reliable supply of water wholly on one side of the track and the resulting inconvenience was taken into account. But the award was necessarily made upon the assumption that proper and suitable crossings would be made by the company, and the damages given are not shown to have rested to any extent upon the form or manner of constructing the crossings. Witnesses may have given their opinions on the supposition that the crossings would be at grade, but they did not say so, and it does not appear that they excluded from their minds the possibility of an undercrossing, or that their estimates of the general damage to the farm would have been less if they had taken that possibility into account. The defendant promised nothing of the kind, and did not reduce or seek to reduce the damages by agreeing

to give such a crossing. Both parties must be assumed to have stood upon their legal rights as to suitable crossings, and those rights survived the award and were in no manner extinguished or affected by it. That doctrine was substantially held in *Jones* v. *Seligman* (81 N. Y. 190).

The second objection arises upon defendant's exceptions to the admission of opinions showing the difference in value of the farm with or without the under-crossing, and recent decisions of ours are cited as authority. (*Roberts* v. *N. Y. Elevated R. R. Co.*, 128 N. Y. 455 ; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 id. 31.) No such specific objection was interposed to the evidence. (*Mitchell* v. *Met. Elevated R. Co.*, 132 N. Y. 552.) And since no judgment for damages was given, the opinions bore only upon the general question involved, and were not vicious in the sense of determining the identical questions of fact submitted for a decision.

Neither ground of appeal warrants a reversal.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____