GILBERT E. VAN WAGNER, Respondent, v. CENTRAL NEW ENGLAND AND WESTERN RAILROAD COMPANY, Appellant.

*Railroad corporation — construction of farm crossings, determined by a court of equity — the right of the owner to compel the construction of farm crossings is not affected by an award in condemnation proceedings.*

The duty of constructing farm crossings for the use of the proprietors of land adjoining a railroad is enjoined upon railroad corporations by statute, and such duty must be performed with due regard to the necessities and conveniences of the landowner; the corporation is not vested with an absolute discretion as to the kind and character of the crossing it will construct, and the necessity of an under or overgrade crossing is a question of fact which a court of equity may determine, the decision of which is not within the jurisdiction of commissioners of appraisal appointed in condemnation proceedings.

The fact that the owner of a farm received an award in condemnation proceedings, instituted by the corporation owning the railroad running through his

land, does not preclude him from maintaining an action against such corporation to compel it to construct an undergrade crossing upon his farm, although upon the trial of such action two of the three commissioners who made the award in the condemnation proceedings testify that they awarded damages on the assumption that there was to be no undergrade crossing.

APPEAL by the defendant, Central New England and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 9th day of December, 1893, upon the decision of the court rendered after a trial at the Dutchess Special Term, with notice of an intention to bring up for review on such appeal all questions of law and fact arising under such judgment.

*Milton E. Fowler,* for the appellant.

*Hackett & Williams,* for the respondent.

BROWN, P. J.:

This action is in equity to compel the defendant to construct an undergrade crossing upon plaintiff's farm.

The buildings were all south of the road, while two-thirds of the farm was north of it. Prior to the construction of the railroad the road used in passing from the buildings to that part of the farm just north of the railroad, was at the point designated in the judgment for the undergrade crossing, and at this point the railroad embankment is about nineteen feet above the natural grade of the ground.

The appellant constructed four grade crossings and one cattle pass, but the court found that the crossings are of no practical use in the working of the farm, and its conclusion in that respect is fully sustained by the evidence.

The testimony introduced by the plaintiff permitted the conclusion that all were dangerous except that designated as Z, and that one furnished access to a very small part of the farm.

The question of law raised by the appeal and to which our attention is called is that the inconvenience arising from the construction of the railroad without an undergrade crossing, and the consequent damage to the plaintiff had been paid for by the award in the condemnation proceedings. Two of the three commissioners who made the award were called as witnesses by the defendant and testified that they awarded damages on the assumption that there was to be

no undercrossing. The other commissioner was not called, nor was it shown what the evidence before the commission was. The appellant contends that the plaintiff is by the award estopped from now asserting his right to an undercrossing. The evidence shows that when the commission met the plaintiff said he wanted an undercrossing, whereupon the attorney for the appellant refused to construct one, and said the company wanted the damages assessed without any reference to such a crossing.

A stipulation was made with reference to a cattle pass but none with reference to the crossings.

This evidence does not conclude the plaintiff or amount to a waiver of any right he might have to the crossing asked for. He did not consent that the commission should assess his damages on the assumption that there would not be an undercrossing. He stood upon his legal rights, and the fact that the award was made on such a basis does not prevent his asserting that right in this action. (*Beardsley* v. *Lehigh Valley Railway Co.*, 142 N. Y. 173.)

The duty of constructing farm crossings for the use of proprietors of lands adjoining the railroad is enjoined upon railroad corporations by statute. That duty must be performed with due regard to the necessities and convenience of the landowner. (*Jones* v. *Seligman*, 81 N. Y. 190.)

And the corporation is not vested with an absolute discretion as to the kind and character of the crossing it will construct. The necessity of an under or overgrade crossing is a question of fact which a court of equity may determine, and is not within the jurisdiction of the commissioners of appraisal.

The corporation cannot, therefore, cause the damages to be assessed upon the assumption that it will construct grade crossings only, and thus deprive the landowner without his consent of a crossing which is necessary to the proper working and management of the farm.

In other words, the corporation cannot substitute a money equivalent in place of that which the statute awards to the landowner.

The plaintiff waived none of his rights, and the judgment must be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.