HANNAH SMITH, Respondent, *v.* THE NEW YORK AND OSWEGO MIDLAND RAILROAD COMPANY, Appellant.

A conveyance in fee, without reservation or exception, to a railroad corporation of a right of way for its road across a farm, is not a waiver or release of the obligation imposed upon the corporation by the general railroad act (§ 44, chap. 140, Laws of 1850) to erect and maintain farm crossings. The statute applies as well to cases where the lands are acquired by purchase as where they are acquired compulsorily by the power of eminent domain.

Accordingly *held,* that proof of such a conveyance was no defence to an action against a railroad company to recover damages for injuries resulting from its neglect to keep a farm crossing in a safe and passable condition.

(Argued September 29, 1875; decided October 8, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, in favor of plaintiff, entered upon an order denying a motion for a new trial and directing judgment upon a verdict.

This action was brought to recover damages for injuries sustained by plaintiff alleged to have been occasioned by defendant's negligence in allowing a farm crossing to become, and remain, in an unsafe and dangerous condition.

Plaintiff owned a farm through which defendant's road runs. Her grantor had conveyed to it by warranty deed, without reservation or exception, a strip of land through the farm for the purposes of its road, and the deed to plaintiff reserved the right of way to said railroad. The road ran between plaintiff's house and the highway, and a farm crossing was made by defendant. In the winter, while there was a heavy fall of snow upon the ground, some persons in the employ of defendant took up the planks of the crossing between the rails, leaving deep holes. Plaintiff, in attempting to cross in a cutter, was thrown out and injured.

At the close of the evidence defendant's counsel moved for a nonsuit upon the ground, among others, that defendant was not bound to maintain the crossing. The motion was denied and defendant's counsel excepted. The court charged, among other things, " that the defendant was guilty of negligence in taking up the crossing, if they did not at once replace it; " to which defendant's counsel duly excepted. The jury rendered a verdict for plaintiff. Exceptions were ordered to be heard at first instance at General Term.

*David L. Follett* for the appellant. The court erred in denying defendant's motions for a nonsuit. (3 Kent's Com., 542 ; Wash. on Easements, chap. 2, § 2, " Of Ways of Necessity,"

219; *McDonald* v. *Lindall*, 3 Rawle, 492.) Defendant was not bound to construct a farm-crossing. (Laws 1850, chap. 140, § 44; Laws 1854, chap. 282, §§ 8, 9; *Millman* v. *O. and S. R. R. Co.*, 10 Barb., 87–89; *Marsh* v. *N. Y. and E. R. R. Co.*, 14 id., 370; *Kyle* v. *A. and R. R. R. Co.*, 2 Barb. Ch., 489; *Wheeler* v. *R. and S. R. R. Co.*, 12 Barb., 227; *Tombs* v. *R. and S. R. R. Co.*, 18 id., 583; *Buell* v. *Trustees of Lockport*, 3 N. Y., 197; *Mantle* v. *Myle*, 26 How., 410; *Clark* v. *R., L. and N. F. R. R. Co.*, 18 Barb., 350; *Rood* v. *N. Y. and E. R. R. Co.*, id., 80; 32 Vt., 49, 50.)

*R. A. Stanton* for the respondent. The obligation imposed by section 44, chapter 140, Laws 1850, as to erecting and maintaining farm-crossings, applies as well to lands acquired by purchase as where they are acquired by the exercise of the power of eminent domain. (N. Y. Const., art. 8, § 1; 1 R. S., 600, § 8; *Alb. N. R. R. Co.* v. *Brownell*, 24 N. Y., 349; *Sixth Ave. R. R. Co.* v. *Kerr*, 45 Barb., 139; *Wademan* v. *A. and S. R. R. Co.*, 51 N. Y., 570; *Clarke* v. *Roch., etc., R. R. Co.*, 18 Barb., 350; *Poler* v. *N. Y. C. R. R. Co.*, 16 N. Y., 476; *Sheppard* v. *B., N. Y. and E. R. R. Co.*, 35 id., 646; *Corwin* v. *N. Y. and E. R. R. Co.*, 13 id., 42; *Tracy* v. *T. and B. R. R. Co.*, 38 id., 433; *Bradley* v. *B. and N. Y. and E. R. R. Co.*, 34 id., 430; *Staats* v. *H. R. R. R. Co.*, 3 Keyes, 201; *Lapman* v. *Milks*, 21 N. Y., 505; *Wheeler* v. *Gilsey*, 35 How. Pr., 139; *Butterworth* v. *Crawford*, 46 N. Y., 349; *Huttemuir* v. *Albro*, 18 id., 50; *Curtis* v. *Ayrault*, 47 id., 73; *Voorhies* v. *Burchard*, 55 id., 98; *Oakley* v. *Stanley*, 5 Wend., 523; *Burr* v. *Mills*, 21 id., 290; *LeRoy* v. *Platt*, 4 Paige, 77; *Jackson* v. *Hudson*, 3 J. R., 375–387; *Jackson* v. *Gardner*, 8 id., 394–400; *Borst* v. *Empie*, 5 N. Y., 40; *Ives* v. *Van Auken*, 34 Barb., 566; *Gould* v. *Glass*, 19 id., 192; *Patten* v. *Still*, 6 Robt., 431.) The jury were correct in finding negligence from proof of the time the boards on the crossing had been allowed to remain up. (*Murray* v. *N. Y. C. R. R. Co.*, 4 Keyes, 274; *McDowell* v. *N. Y. C. R. R. Co.*, 37 Barb., 195; *Munch* v. *N. Y. C. R. R. Co.*, 29 id.,

647; 13 N. Y., 42; *Worster* v. *Forty-second St. R. R. Co.,* 50 id., 203; *France* v. *Erie R. Co.,* 5 N. Y. S. C., 12; *Delzell* v. *I. and C. R. R. Co.,* 2 Alb. L. J., 460; *Fash* v. *Third Ave. R. R. Co.,* 1 Daly, 148.)

CHURCH, Ch. J.   The principal point relied upon by the appellants is, that it was under no obligation to keep and maintain the farm crossing where the plaintiff was injured, and this is predicated upon the fact that the owner of the land had granted to it an absolute title to a right of way for the railroad across his land, without reservation or exception, which operated as a waiver of the statutory obligation to maintain a farm crossing.   The statute (chap. 140, § 44, Laws of 1850), provides that "every corporation formed under this act shall erect and maintain fences on the sides of their road, of a strength and height of a division fence required by law, with openings or gates or bars therein, and farm crossings of the road for the use of the proprietors of lands adjoining such railroad."   The statute is general and applies to cases where the lands are acquired by purchase, as well as to those where they are acquired by the power of eminent domain.   It may be assumed that the owner has power to waive or release this obligation in respect to his lands, but we do not think that a conveyance in fee of a right of way has this effect.   Such a conveyance is not inconsistent with the duty imposed upon the corporation.   It gives the company a title in fee to the land for their roadway, and nothing more.   In the conveyance of this land there is not a word indicating a purpose to waive or release the right to enforce the duty to make a farm crossing, and the presumption is, that the parties intended to leave the duty unaffected.   The obligation imposed is not connected with the acquisition of land by purchase or otherwise, but is enjoined independently, and upon the assumption of ownership, and without regard to the manner of acquisition.   It is said that when lands are acquired compulsorily, farm crossings are deemed a part of the compensation. I am not prepared to assent to this proposition, but, if true,

the same is equally true in case of a purchase and voluntary conveyance, without restriction or reservation, and the expense of building the farm crossing would be deemed an additional consideration to that expressed in the conveyance. The defendant evidently regarded the duty incumbent upon it in this case, as it had sometime previous to the accident constructed and maintained the crossing in question, and the negligence imputed was the removal of planks between the rails, which it attempted to justify as a precautionary measure against an accumulation of ice and snow in the winter. We approve the expression in 51 New York, 570, on this subject. The other points presented are of minor importance, and are not tenable. If there was any liability, as has been conclusively established by the verdict, the amount of the recovery was moderate.

The judgment must be affirmed.

All concur; MILLER, J., not sitting.

Judgment affirmed.