GEORGE H. TOLBERT

*vs.*

PHILADELPHIA, BALTIMORE AND WASHINGTON
RAILROAD COMPANY, A BODY CORPORATE.

*Railroads*: *crossings where bisect individual's land; when not
necessary.   Mandamus*: *discretion of court.*

The Act incorporating a railroad company required that
whenever in its "construction it should be necessary * * * to
pass through the land of any individual," it should be the duty
of the company to provide for said individual proper wagon
ways across the road from one part of his land to another; an
individual, through whose land the railroad was constructed,
conveyed to the railroad company the land for the right of way
by a fee simple deed for a good consideration; in which deed,
and based upon the said consideration, the grantor released the
railway company, its successors and assigns, from the payment
of all damages and compensation which the grantor, his execu-
tors, heirs and assigns, were, or might be, entitled, as well as
for injuries done or to be done to them or their said property,
by the construction of the said railway: *Held,* that under the
circumstances of the case, the deed did not operate as a waiver
of the right, given by the statute, to claim a proper wagon
crossing.                                            p. 573

Where a charter provision of a railroad company requires
it to construct proper crossings for persons through whose land
the road passes, it imposes a continuing duty; and if at the time
the railroad was constructed, no crossing was necessary, and one
subsequently became necessary, it then becomes the duty of the
railroad to construct it.                            p. 574

The fact that such a crossing was not demanded for over 40
years after the construction of a road having such a charter

provision was: *Held,* not to constitute an abandonment on the part of the landowner of his right to claim it.                            p. 574

Application for the writ of mandamus is addressed to the sound judicial discretion of the court.                            p. 575

Where the charter of a railroad requires a railroad to provide *proper* wagon ways for the individuals whose lands it bisects, it is not to be assumed that it was meant that every tract of land so bisected should be entitled to a crossing, irrespective of whether or not such a crossing was necessary for the purposes of the land.                            p. 576

*Decided June 23rd, 1915.*

Appeal from the Circuit Court for Prince George's County.  (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Marion Duckett & Son* and *Wells, Owens & Wells,* filed a brief for the appellant.

*Charles H. Carter* (with whom were *Bernard Carter & Sons* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellant filed in the Circuit Court for Prince George's County, a petition for the issuance of a writ of mandamus to compel the appellee railroad company to construct an overhead or other proper crossing over its right of way, through the petitioner's property, and for the use of the petitioner in connecting the two pieces of his property which had been severed by the construction of the said railroad.

By the petition it appears that the Act of Assembly, incorporating the Baltimore and Potomac Railroad Company, the predecessor in title of the appellee, by Section 14 of

Chapter 194 of the said Act of 1853, provided as follows: "Be it enacted, that whenever in the construction of said road, or roads, it shall be necessary to cross or intersect any established road or way, the said president and directors shall so construct said crossing, said established road or way as not to impede the passage or transportation of business or property along same; and when it shall be necessary to pass through the land of any individual, it shall also be their duty to provide for said individual proper wagon ways across said road or roads, from one part of his land to the other."

It is then alleged that the petitioner by mesne conveyances, is the owner of a tract of land situated between the cities of Baltimore and Washington, in Prince George's County, through which the said Baltimore and Potomac Railroad Company constructed a right of way which divides said tract into two parts, and for which there should have been provided a proper wagon way or crossing, as provided by the said Section 14 of its Charter; but that neither the said Baltimore and Potomac Railroad Company nor its successors in title, the appellee company, have constructed a proper wagon way or crossing between the divided tract, although, the appellee company has been requested to do so.

To the order of the Court, requiring the defendant to show cause, it filed its answer denying for several reasons the right of the appellant to relief, and filed with the answer as an exhibit, a copy of the deed, by which it acquired the title to the right of way or easemeent, from the predecessors in title of the appellant. Upon issue being joined, and a waiver of inry trial, an agreement to a trial before the Court being filed, testimony was presented by both parties. The Court denied the writ and dismissed the petition, from which order this appeal was taken.

There is practically no dispute as to the facts as they appear in the record. The railroad of the appellee runs in a general direction, north and south between Baltimore and Washington. For the purpose of constructing said railway the Baltimore and Potomac Railroad Company secured the

right of way through three adjoining properties in Prince George's County in 1869. One of which tracts was that now owned by the petitioner, and belonging, at the time of the acquisition of the right of way by the railroad, to William H. Hilleary. This property was situated in the line of the right of way between the other two mentioned pieces of property. These two pieces of property were acquired by condemnation proceedings, but that parcel belonging to Hilleary, was acquired by deed. The tract immediately joining the Hilleary tract on the north, or towards Baltimore, was acquired in 1885 by the appellant and his brother, as tenants in common, and has been continuously so held by them ever since. The Hilleary tract was acquired in fee simple in 1894, and has been held continuously by him since that date until the present, with the exception that a short time prior to 1902 he conveyed it to a party and took a purchase price mortgage on the same and foreclosed the said mortgage in 1902, and again became the title holder. The right of way through the Hilleary tract extends for a distance of 554 feet, and throughout its length the railroad is constructed thereon in a deep cut of about 18 feet. Through the property to the north, now owned, as aforesaid, by the appellant and his brother, the railroad is constructed at grade. Across the right of way through the last mentioned property there is a grade crossing constructed by the railroad company, distant from the northern line of the Hilleary tract about 500 yards, from which there is access by private road to a county public road on the west of the right of way, and parallel with it, and which forms the western boundary of the Hilleary tract, and that owned by the appellant and his brother. The Hilleary tract contains 45 acres of land, 23 acres on the west side of the right of way and 22 acres on the east side. The railroad was constructed in 1870, and from that time to the present there has been no crossing connecting the two pieces, and it was not until 1912 that the appellant, or any one before him, requested that such a crossing be constructed. From the testimony of the appellant, and the only witness produced in his

behalf, it appears that the Hilleary tract on both sides of the railroad consists almost entirely of woodland and bushes, or as was stated by him, "It has been standing a piece of barren land with timber on it since I have had it." There is a small house for a tenant on the east side of the railroad, tenanted by an employee of the railroad. This is the only use to which the property on either side of the railroad, is put. Exit from the house to the public road is by means of a private road over the land owned jointly by the appellant and his brother to the private crossing above mentioned, and thence to the public road. The reason given by the appellant for the need of a crossing, was, that as soon as he got a crossing, he was going to clean up the land, and put some buildings on the east side of the railroad. The testimony also showed that the land involved was assessed for taxation at $1160.00; and that the cost to the railroad of constructing the character of crossing that was necessary would be about $4300.00.

The appellee contends that it is relieved from any obliga- tion to construct the road way over its right of way between the two pieces of property now owned by the appellant, by reason of the provisions in the deed to it, from Hilleary, the predecessor in title of the appellant. There is no doubt, and it is well settled by authorities, that Hilleary or any of his successors in title could have released the railroad from car- rying out the provisions of the statute, since all that was involved was a right to a private way, and the public was not interested at all. The only way in this case that the appellee claims it has been released, is by means of the conveyance, but it is held that a conveyance of a right of way which makes no express provision as to crossings does not waive the right to such crossings. *Smith* v. *New York & O. M. R. R. Co.,* 63 N. Y. 58; 33 *Cyc.* 311; *Elliot on Railroads,* Volume 3, sec. 1138. And it has also been held by our Court in *Vogler* v. *Geiss,* 51 Md. 410, that a party entitled to a right of way or other mere easement in the land of another may abandon and extinguish such right by acts *in pais,* and with- out deed or other writing. The act or acts relied on, however,

must be of a decisive character. From a consideration of the covenants in the Hilleary deed, when taken in connection with the fact that there existed at the time a statute requiring the building of private crossings, we are unable to reach the conclusion sought for by the appellee. Without setting the deed out, it is enough to say that although the release clause is broad, nevertheless, we do not think it is broad or explicit enough to warrant us in coming to the conclusion that there was any intention upon the part of the grantors to release the railroad company from constructing the crossing. Nor do we think when the grantors covenanted that they would erect and at all times keep in repair a substantial fence on each side of the railroad on the land, an inference can be drawn, that by this they meant to relieve the company of the obligation to build the crossing. By the use of the words "in so far as to protect the said railroad from the stock of the said Walter H. Hilleary and wife, their heirs and assigns," the exact meaning of the covenant is made clear. It would never do to place such a strained construction upon the provisions of the deed in the face of the authorities. To us the deed appears the ordinary one, conveying to a railroad company a right of way.

Nor can we hold under the facts in this case that the appellant or his predecessors abandoned any right they might have had to a crossing prior to 1912, so as to relieve the railroad company from the necessity of constructing one. The authorities hold that where a railroad company is required by a charter provision to provide proper crossings for persons through whose land the road passes, it imposes a continuing duty; and if at the time the road was constructed, no road was necessary, but a crossing subsequently becomes necessary, it is the duty of the railroad company to construct it. *Louisville & N. R. R. Co.* v. *Pittman,* 21 Ky. Law Rep. 1037; *Port* v. *Huntington & B. T. R. Co.,* 168 Pa. St. 19; 31 Atlantic Rep. 950; 33 *Cyc.* 306.

And the above principles, in our opinion, furnish a key to the solution of this case. Probably the case more often re-

ferred to on mandamus than any other in this State is that of *George's Creek Coal Company* v. *County Commissioners,* 59 Md. 255. It is said in the opinion in this case, that "Mandamus is a most valuable and essential remedy in the administration of justice, but it can only be resorted to to supply the want of some more appropriate ordinary remedy. Its office, as generally used, is to compel corporations, inferior tribunals, or public officers to perform their functions, or some particular duty imposed upon them, which, in its nature, is imperative, and to the performance of which the party applying for the writ has a clear legal right. The process is extraordinary, and if the right be doubtful, or the duty discretionary, or of a nature to require the exercise of judgment, or if there be any ordinary adequate legal remedy to which the party applying could have recourse, this writ will not be granted. The application for the writ being made to the sound judicial discretion of the Court, all the circumstances of the case must be considered in determining whether the writ should be allowed or not; and it will not be allowed unless the Court is satisfied that it is necessary to secure the ends of justice, or to subserve some just or useful purpose." And as was said in *Booze* v. *Humbird,* 27 Md. 1: "The writ of mandamus is not a writ of right granted as of course, but only at the discretion of the Court, to whom the application is made; and this discretion will not be exercised in favor of applicants, unless some just or useful purpose may be answered by the writ." However, the discretion accorded to the Court is not arbitrary; but must be exercised under the established rules of law, and if, under these rules, the party is entitled to the writ, it must be issued. *Brooke* v. *Widdicombe,* 39 Md. 386.

We are of opinion that the learned Court below was correct in the disposition of the petition in this case. From the facts and circumstances, as appearing from the record, we think the appellant has failed to show that he was entitled to the issuance of the writ, in that he has failed to establish that a crossing at this place was necessary to secure the ends

of justicè and to subserve some just and useful purpose. Referring to the provisions of the charter applicable to this case, the provision is: "When it shall be necessary to pass through the lands of any individual, it shall also be their duty to provide for such individuals, *proper* wagon ways across said road or roads from one part of his land to the other." We have, admittedly, a tract of practically barren country land, subjected to no use or cultivation of any kind since 1869, except a small garden patch, separated by a railroad. The part of the tract to the east is dependent in no way upon the part to the west. It never has been subjected to any use which made it necessary to have a direct or any kind of connection of one with the other; the only piece under tenancy has a ʻright of way across land in which the appellant has the right of entry, and over which he has a control. When the Legislature incorporating the company used the words, to provide for such individual *proper* wagon ways, we cannot believe that it intended by the use of the word proper to mean that every tract of land bisected by the railroad should be entitled to a crossing irrespective of whether or not such a crossing was necessary for the purposes of the land. Isn't the word "proper" used in the sense that when such a wagon way was needed or proper, rather than in the sense referring to the character of the crossing? Such has been the construction placed upon a charter provision in the State of Kentucky, which was verbatim the same as this provision with the exception that it added a penalty in case of failure to construct. With that construction we agree. *Louisville R. R. Co.* v. *Pittman, supra.* If these divided sections of land were farming lands under cultivation, or capable of being cultivated or if any plausible reason had been offered by the appellant showing that a crossing was necessary for any use to which these two tracts could be put, then another case would be presented. But under the facts and reasons presented by the appellant for demanding this crossing, we think the writ should not have been issued.

*Order affirmed, with costs.*